**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARGARET A. SILVA,

    Plaintiff - Appellant,

v.

U.S. BANK, NATIONAL
ASSOCIATION, as Trustee under the
Pooling and Service Agreement as of
February 1, 2007, GSAMP trust 2007-NCI;
MORTGAGE PASS-THROUGH
CERTIFICATES , SERIES 207, NCI;
PAUL KING, District Court Judge, in his
individual capacity; DAVID J. STEVENS,
District Court Judge, in his individual
capacity; 18TH JUDICIAL DISTRICT,
Court of Colorado, Arapahoe County;
RICHARD B. CASCHETTE, District
Court Judge, in his individual capacity;
CHRISTINE DUFFY, Douglas County
Public Trustee, in her individual capacity;
LAWRENCE E. CASTLE, in his corporate
capacity; ROBERT J. HOPP, in his
individual and corporate capacity; MERS,
INC., a division of MERSCORP, Inc. and
Does 1-10,

    Defendants - Appellees.

No. 19-1148
(D.C. No. 1:17-CV-01529-WJM-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral

_____

Before **BRISCOE**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Margaret A. Silva appeals pro se from the dismissal of her complaint challenging the foreclosure of her home and her subsequent eviction. She also appeals from the denial of her motion to amend the judgment under Fed. R. Civ. P. 59(e). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I

In 2012, U.S. Bank National Association (bank) commenced foreclosure proceedings in Colorado state court, seeking an order authorizing the sale of Ms. Silva's home under Colorado Rule of Civil Procedure 120. At a Rule 120 hearing held on February 20, 2013, Ms. Silva stipulated that she was in default and indicated that she would allow an order authorizing sale of the property on the condition that she and the bank "would work out a modification" of her mortgage. R., Vol. 1 at 325. The same day, the state court entered an order authorizing the sale of the property. *Id.* at 402-03. "After countless discussions[] and repeated submissions of paperwork, [the bank] sua sponte exercised the [o]rder [a]uthorizing [the] sale." *Id.* at 325.

Two days before the sale, however, Ms. Silva initiated a prior federal action to enjoin the foreclosure. *See* Complaint for Damages & Injunctive Relief, *Silva v. U.S.*

_____

estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

*Bank*, No. 13-cv-2289-MSK-CBS (D. Colo. Aug. 26, 2013).[1]  The parties in that federal

suit eventually reached a settlement agreement, and meanwhile, on August 28, 2013, a

public trustee held the foreclosure sale, at which the bank purchased the property.  The

public trustee transferred a confirmation deed to the bank on September 12, 2013, and the

bank recorded its deed.  But Ms. Silva refused to vacate the property, and thus, on

May 23, 2017, the bank returned to state court and filed an unlawful detainer action that

resulted in a judgment for possession in favor of the bank on August 15, 2017.  Several

months later, Ms. Silva was forcibly evicted by a county sheriff.

Ms. Silva initiated this suit on June 23, 2017, shortly before judgment entered in

the unlawful detainer action.  In her second amended complaint, she invoked 42 U.S.C.

§ 1983 and alleged the bank and MERS were not holders in due course and had no right

to foreclose.  She further claimed that Colorado's foreclosure process violated her due

process rights, and that a public trustee, defendant Duffy, "committed a legal wrong when

she held a public auction of [the] property."  R., Vol. 1 at 341 (emphasis and internal

quotation marks omitted).  Ms. Silva also claimed that defendants Castle and Hopp, two

private lawyers, conspired to violate her rights by drafting legislation that eased a

lender's standard of proof to foreclose under Colorado law.  Apart from these federal

claims, Ms. Silva brought state law claims for fraud, unjust enrichment, and misfeasance

---

[1] The bank and defendant MERS, Inc., seek to supplement the record on appeal with documents from the federal and state proceedings.  These materials are publicly available and are subject to judicial notice.  Accordingly, we grant their motion to supplement the record on appeal.  *See Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1212-13, 1215 (10th Cir. 2012).

in public office.[2]  Among other things, she sought an injunction voiding the foreclosure of her home, vacating the foreclosure sale, and enjoining her eviction.  She also sought a declaratory judgment that Colorado's foreclosure process under Rule 120 is unconstitutional.  She demanded $1 million in damages, apparently from the bank and MERS, for misrepresenting themselves as the owners of the note, and $1 million in damages each from Castle and Hopp "for master-minding the conspiracy," *id.* at 360.

A magistrate judge recommended that Ms. Silva's claims be dismissed under Fed. R. Civ. P. 12(b)(1) and (6).  The magistrate judge determined that Ms. Silva's claims seeking to overturn the foreclosure and unlawful detainer proceedings were barred by the *Rooker-Feldman* doctrine.  *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Cir. v. Feldman*, 460 U.S. 462 (1983).  The magistrate judge also determined that Rule 120 comported with due process requirements and that Ms. Silva failed to allege state action by the bank, MERS, Castle, Hopp, or Duffy for purposes of § 1983.  Further, the magistrate judge concluded that Ms. Silva failed to allege a plausible conspiracy claim under either § 1983 or 42 U.S.C. § 1985.  Last, the magistrate judge concluded that absent any viable federal claims, the court should decline to exercise supplemental jurisdiction over the state-law claims.  Over Ms. Silva's objections, the district court adopted the magistrate judge's recommendation and dismissed the suit.

---

[2] Ms. Silva directed the misfeasance claims against the state judges who presided over the foreclosure and unlawful detainer proceedings.  She has abandoned all claims against the state judges on appeal.

II

A. *Scope of Appeal*

As an initial matter, Ms. Silva has waived any challenge to the district court's

dismissal under *Rooker-Feldman* by failing to address that issue in her opening brief.

She does address this issue in her reply brief, but "we generally do not consider

arguments made for the first in an appellant's reply brief and deem those arguments

waived," *United States v. Leffler*, 942 F.3d 1192, 1197 (10th Cir. 2019). While we

recognize that *Rooker-Feldman* issues implicate our subject matter jurisdiction, *see*

*PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010), we need not consider

the issue sua sponte here because the only relevant arguments are in favor of the district

court's jurisdiction, which we have no independent obligation to consider, *see Havens v.*

*Colo. Dep't of Corrs.*, 897 F.3d 1250, 1261 (10th Cir. 2018) (recognizing there is no

independent obligation to consider waived arguments in favor of jurisdiction).

Accordingly, we turn to the district court's dismissal of Ms. Silva's remaining federal

claims.[3]

B. *Federal Claims*

The district court dismissed Ms. Silva's remaining federal claims under

Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's

complaint must allege sufficient facts to state a claim to relief that is plausible on its

---

[3] Ms. Silva also fails to challenge the district court's decision declining to exercise supplemental jurisdiction over her state law claims. We confine our analysis accordingly.

5

face." *Strauss v. Angie's List, Inc.*, 951 F.3d 1263, 1266 (10th Cir. 2020) (internal quotation marks omitted). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1267 (internal quotation marks omitted).

### 1. Due Process

Ms. Silva claims that Colorado's foreclosure process, in particular Rule 120, violates due process because it permits anyone purporting to have an interest in the property to take it without a fair hearing.[4] Under the Fourteenth Amendment's Due Process Clause, no State may "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "[D]ue process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *M.A.K. Inv. Grp., LLC v. City of Glendale*, 897 F.3d 1303, 1312 (10th Cir. 2018) (internal quotation marks omitted).

The Supreme Court recently outlined Colorado's non-judicial foreclosure process, explaining it begins when a creditor notifies a homeowner of an impending foreclosure and "files a 'notice of election and demand'" with the public trustee. *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1034 (2019) (quoting Colo. Rev. Stat. § 38-38-101). The public trustee then files the notice and sends a copy to the homeowner with other information about the balance of the loan, the right to cure the default, and the

---

[4] We do not consider Ms. Silva's undeveloped references to the Equal Protection Clause. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

time and place of the foreclosure sale. *See id.* If the homeowner does not cure the default or declare bankruptcy, the creditor may seek a Rule 120 order authorizing the sale. *Id.*; *see* Colo. R. Civ. P. 120(a).

If the homeowner responds to the request for an order authorizing the sale, the Rule 120 court holds a hearing to determine, among other things, "whether there is a reasonable probability that a default justifying the sale has occurred," "whether the moving party is the real party in interest, and . . . whether evidence presented in support of defenses raised by the [homeowner]" prevents an order authorizing the sale. Colo. R. Civ. P. 120(d)(1). "[R]esolution of the Rule 120 motion . . . should necessarily encompass a consideration not only of the evidence offered by the creditor seeking the order of sale but also of any evidence offered by the [homeowner] to controvert the [creditor's] evidence or to support a legitimate defense to the motion." *Goodwin v. Dist. Ct.*, 779 P.2d 837, 842 (Colo. 1989); *see also Obduskey*, 139 S. Ct. at 1034 ("In court, the homeowner may contest the creditor's right to sell the property, and a hearing will be held to determine whether the sale should go forward.").

This process provides homeowners with reasonable notice and an adequate opportunity to be heard. Ms. Silva insists she was denied a fair hearing because the Rule 120 court accepted that the bank and MERS were interested parties. But the hearing provided her an opportunity to argue that the bank and MERS were not real parties in interest. *See Goodwin*, 779 P.2d at 843 (recognizing that a homeowner in Rule 120 proceedings may assert the defense that the purported creditor is not a real party in interest, which puts burden on the creditor to show it is the "party who, by virtue of

7

substantive law, has the right to invoke the aid of the court in order to vindicate the legal interest in question"). Moreover, we have previously rejected the premise of Ms. Silva's argument that a creditor must be the owner of the note. *See McDonald v. OneWest Bank, F.S.B.*, 680 F.3d 1264, 1266 (10th Cir. 2012) (rejecting argument that only an owner of a negotiable instrument can enforce it through Colorado's non-judicial foreclosure process). And in any event, Ms. Silva stipulated at the Rule 120 hearing that she was in default. The district court properly dismissed the due process claim.

2. *Lack of State Action*

The district court also dismissed the claims against the bank, MERS, Castle, and Hopp for lack of state action under § 1983. To state a cause of action against private individuals under § 1983, the challenged conduct must be "fairly attributable to the state." *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000) (internal quotation marks omitted). Ms. Silva relied strictly on these private defendants' use of state processes to support her theory of state action, which is not enough for the conduct to be fairly attributable to the state. *See id.* ("A private individual does not engage in state action simply by availing herself of a state procedure."). Likewise, Ms. Silva's claim against defendant Duffy, a public trustee, fails because "the mere acquiescence of a state official in the actions of a private party is not sufficient" to state a § 1983 claim, *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir. 1995). Nor did Ms. Silva allege a plausible conspiracy claim under § 1983. "When a plaintiff in a § 1983 action attempts to assert the necessary state action by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting

8

factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Scott*, 216 F.3d at 907 (internal quotation marks omitted). Ms. Silva alleged that Castle and Hopp engaged in a financial conspiracy by drafting legislation to amend Colorado's foreclosure laws; the bank and the public trustee knew of this legislative effort to make the foreclosure process easier; MERS joined the conspiracy by assigning the deed of trust securing the property; and the state court judges participated in the conspiracy by presiding over the foreclosure proceedings. These conclusory allegations contain no facts from which we may infer an agreement among or between the alleged conspirators, or even concerted action among or between them to violate her constitutional rights. Accordingly, the district court correctly dismissed the § 1983 claims.[5]

### C. Rule 59(e)

Finally, Ms. Silva challenges the denial of her motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). "We review the denial of a Rule 59 motion for abuse of discretion." *Price v. Wolford*, 608 F.3d 698, 706 (10th Cir. 2010). "Grounds warranting [relief under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012

---

[5] Although we have liberally construed Ms. Silva's appellate brief to advance her conspiracy claim under § 1983, she has presented no argument supporting her allegations under § 1985, *see Bronson*, 500 F.3d at 1104, and instead she appears to have shifted to a state law conspiracy theory, which we will not consider, *see Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is a general rule, of course, that a federal appellate court does not consider an issue not passed upon below.").

9

(10th Cir. 2000). A Rule 59(e) motion "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Ms. Silva sought relief under Rule 59(e), claiming she had recently discovered the bank was obligated by a governmental program to offer her a mortgage modification. The district court, without deciding whether this was an appropriate basis for relief, denied the motion because although Ms. Silva advanced her claim under § 1983, she failed to plausibly allege the bank was a state actor. On appeal, Ms. Silva still fails to offer any proper basis on which the bank's conduct may be fairly attributable to the state. Under these circumstances, the district court appropriately denied the motion.

### III

The district court's judgment is affirmed. Ms. Silva's motion to proceed on appeal without prepayment of filing fees or costs is granted, though she remains obligated to pay all filing and docketing fees. Only prepayment of the fees is waived, not the fees themselves. 28 U.S.C. § 1915(a)(1). Payment shall be made to the Clerk of the District Court. The bank and MERS' motion to supplement the record is granted. Ms. Silva's motion to supplement the record with additional argument and two unauthenticated documents that appear to post-date her filing of this suit and were not before the district court is denied.

Entered for the Court


Mary Beck Briscoe
Circuit Judge