**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TERESITA REYES,

    Plaintiff - Appellant,

v.

COLORADO DIVISION OF
RECLAMATION MINING AND
SAFETY; JEFF FUGATE; CHARLES
KOOYMAN; CAMILLE MOJAR; KNOX
PIT HEARING BOARD CHAIRMAN;
LARIMER COUNTY COMMUNITY
DEVELOPMENT PLANNING
SERVICES DEPARTMENT; OFFICE OF
SURFACE MINING RECLAMATION
AND ENFORCEMENT - WESTERN
DIVISION,

    Defendants - Appellees.

No. 19-1283
(D.C. No. 1:18-CV-00860-MSK-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **HARTZ**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Teresita Reyes, appearing pro se, appeals the district court's judgment in favor of defendants on her claim under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and her due process claim under 42 U.S.C. § 1983. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

This action stems from a cement company's application for a "112c permit" to conduct mining activities at a site in LaPorte, Colorado, known as the Knox Pit. As required under state regulations, see Colo. Code Regs. §§ 407-4:1.6.2(1)(d), 407-4:1.6.5(1), the cement company published a notice in a local newspaper of the proposed mining activity and the procedure for objections. Consistent with those regulations, the notice informed the public that Colorado's Division of Reclamation, Mining and Safety ("DRMS") must receive any public comments or protests not more than twenty calendar days after the last newspaper publication, which was October 19, 2017. See id. § 407-4:1.7.1(2)(a). For the Knox Pit, that comment deadline was November 8, 2017.

Reyes did not become aware of the November 8 deadline until November 6. She mailed a comment letter to DRMS on November 7 by regular United States mail. DRMS received her comments on November 9, one day after the deadline. Because DRMS did not receive Reyes' comments by the deadline, she was not entitled to "party status," which would have afforded her certain rights under state regulations, including the right to present evidence at a hearing on the permit. See Colo. Code Regs. §§ 407-4:2.7.3(1), 407-4:2.8.1(1).

2

The Mined Land Reclamation Board ("Board"), which has the duty to "approve or deny reclamation permits," Colo. Rev. Stat. § 34-32.5-106, scheduled a public hearing in Denver on the Knox Pit application. Reyes asked that the hearing be moved to Fort Collins, where Reyes lives and which is close to Laporte, because she is "elderly and disabled" and subject to a "mobility impairment." The Board unanimously denied that request because there were many other hearings scheduled for the same day in Denver, but it offered Reyes the opportunity to participate by telephone and informed her she could stream the hearing live from the DRMS website.

Reyes also explained her disability to defendant Jeff Fugate, a Colorado First Assistant Attorney General, and asked that DRMS overlook the untimeliness of her comment letter and recognize her as a party at the hearing. Fugate explained why her comment letter was untimely and told Reyes she could send a request for party status to the Board's attorney, defendant Charles Kooyman, and its secretary, defendant Camille Mojar. Reyes sent a request for party status by email to Kooyman and Mojar and was informed that the Board would take up her request at the hearing.

Ultimately, Reyes attended the Denver hearing in person. At the outset, the Board considered Reyes' requests for party status and to present testimony. She told the Board she thought mailing her comment before the deadline was sufficient to make it timely. After some debate, the Board denied Reyes party status but permitted her to testify for at least five minutes during the twenty-minute period allotted for nonparty testimony. Reyes testified. The Board later approved the Knox Pit permit.

3

Reyes then filed this pro se action, raising a claim under Title II of the ADA[1] and a due process claim.[2] Screening for legal frivolousness, see 28 U.S.C. § 1915(e)(2)(B)(i), the district court dismissed several of Reyes' claims. It dismissed with prejudice the ADA claim against DRMS, Fugate, Kooyman, Mojar, and the unidentified Board hearing chairman. It concluded that Reyes alleged no facts indicating that either their alleged failure to notify her of the comment deadline or their treatment of her comment letter as late was because of her disability. See Robertson v. Las Animas Cty. Sheriff's Dep't, 500 F.3d 1185, 1193 (10th Cir. 2007) (explaining that one element of a Title II ADA claim is that an "exclusion, denial of benefits, or discrimination was by reason of a disability"). The court also dismissed with prejudice the ADA claim against the Larimer County Community Development Planning Services Department ("Larimer County") because Reyes did not allege that Larimer County failed to send her preliminary notices because of her disability. The court allowed the ADA claim to proceed only against DRMS and limited the claim to DRMS's denial of Reyes' request to move the hearing to Fort Collins.

---

[1] Under Title II, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." § 12132. See also Guttman v. Khalsa, 669 F.3d 1101, 1113 (10th Cir. 2012) (Title II prohibits "disability discrimination in the provision of state services or programs.").

[2] Reyes' § 1983 claim also referred to 5 U.S.C. § 554(c)(1) (Administrative Procedure Act) and 5 U.S.C. § 301 (Federal Housekeeping Statute).

4

The district court dismissed the § 1983 due process claim against DRMS, Fugate, Kooyman, Mojar, and the Board hearing chairman in their official capacities based on Eleventh Amendment immunity.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989) (Eleventh Amendment bars claims against states absent waiver of immunity); Peterson v. Martinez, 707 F.3d 1197, 1205 (10th Cir. 2013) (Eleventh Amendment bars official-capacity claims against state officers); see also Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1196 (10th Cir. 1998) (§ 1983 did not abrogate Eleventh Amendment immunity); Griess v. Colorado, 841 F.2d 1042, 1044 (10th Cir. 1988) (Colorado has not waived Eleventh Amendment immunity).[3] The court dismissed the § 1983 claim against Larimer County based on Reyes' failure to make any of the factual allegations required for municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), and its progeny.  The district court allowed Reyes' due process claim to proceed against Fugate, Kooyman, Mojar, and the Board hearing chairman as individual-capacity claims regarding the adequacy of the notice of the comment deadline, the treatment of her comment as late, and the denial of her requests to waive the deadline and afford her party status.[4]

---

[3] The district court noted that although the Eleventh Amendment does not bar claims for prospective injunctive relief, Reyes sought only damages.

[4] The court dismissed both claims against the Federal Office of Surface Mining Reclamation and Enforcement, and it dismissed claims Reyes raised under the Administrative Procedure Act and the Federal Housekeeping Statute against all defendants.  We do not describe those dismissals because Reyes' appellate briefs do not implicate them.

Defendants then filed a motion to dismiss the remaining claims or for summary judgment. After Reyes responded, the district court converted the motion to one for summary judgment, allowed the parties to submit additional evidence, and granted the motion. The court determined that because Reyes appeared in person at the hearing in Denver, any potential ADA violations regarding DRMS's refusal to move the hearing to Fort Collins and its proposed telephone and streaming accommodations were moot.

The court proceeded to examine whether two other adverse actions violated the ADA: DRMS's treatment of Reyes' written comment as untimely and the Board's refusal at the hearing to grant her party status. It concluded there was no evidence that DRMS's treatment of Reyes' written comment as untimely was related to her disability. To the contrary, the record was clear that DRMS treated the letter as untimely because it was received after the deadline, and under Colo. Code Regs. § 407-4:1.7.1(2)(a), timeliness is based on the date of receipt, not mailing. The court further noted evidence that by using Priority Express Mail, another commenter was able to submit a timely comment by mailing it on the same day as Reyes. That evidence showed it was not Reyes' disability that caused her comment to be late but her use of a slower mail service at a time when she knew the deadline was looming. And because the untimeliness of her comment was unrelated to her disability, she was not eligible for party status and therefore not entitled to present testimony and exhibits at the hearing. Further, there was no record evidence that the Board denied her request for party status at the hearing because of her disability; instead, the Board

6

adopted a procedure that allowed Reyes the same opportunity to participate as any nondisabled person who also failed to file a timely comment. Consequently, the court concluded that her ADA claim failed as a matter of law.

Turning to the § 1983 claim, the district court concluded there was no evidence that any of the four remaining defendants—Fugate, Kooyman, Mojar, and the Board hearing chairman—personally participated in any denial of Reyes' due process rights. See Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."). In particular, the court noted the lack of evidence that any of them had any personal involvement in the process of notifying Reyes or others about the Knox Pit application, including issuing notice of the application, drafting or publishing the newspaper notice,[5] or verifying the correctness of that notice. The court also observed that there was no evidence that the notice's omission of a specific response deadline prejudiced Reyes because she ultimately learned of the deadline and mistakenly believed that mailing her comment prior to the deadline made it timely.

## II

We generally review a district court's § 1915(e)(2)(B)(i) dismissal for frivolousness for abuse of discretion, but "where the frivolousness determination turns on an issue of law, we review the determination de novo." Fogle v. Pierson,

---

[5] The court noted that the cement company, not DRMS, was responsible for publishing the newspaper notice.

435 F.3d 1252, 1259 (10th Cir. 2006). Our review of an order granting summary judgment is also "de novo, applying the same standards that the district court should have applied." Fields v. City of Tulsa, 753 F.3d 1000, 1008 (10th Cir. 2014) (quotation omitted). A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing a grant of summary judgment, "we examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the nonmoving party." Fields, 753 F.3d at 1009 (alteration and quotation omitted).

Because Reyes is pro se, we liberally construe her filings but do not act as her advocate. See Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008). But even liberally construed, Reyes does not specifically challenge any of the district court's rationales for either its preliminary dismissal of some claims or its grant of summary judgment on others. We have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted). This includes Federal Rule of Appellate Procedure 28(a), which requires an appellant to include in his or her brief "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Consistent with Rule 28(a)(8)(A)'s requirements, which apply "equally to pro se litigants," "[i]ssues will be deemed waived if they are not adequately briefed." Garrett, 425 F.3d at 841 (quotation omitted). "When a pro se

8

litigant fails to comply with [Rule 28(a)(8)(A)], we cannot fill the void by crafting arguments and performing the necessary legal research." Id. (alteration and quotation omitted).

Reyes' appellate briefs wholly fail to meet these requirements. They instead consist of a variety of factual allegations concerning the Knox Pit permitting process, the sufficiency of the notices by the cement company and Larimer County, and DRMS's alleged violation of procedural rules concerning the permit and objection process. Reyes also argues that the individual defendants are not entitled to qualified immunity.[6] She provides no record citations, cites no case law, and fails to address key dispositive points in the district court's decisions, including that the Eleventh Amendment bars the § 1983 claim against DRMS.

Based on our review of the record, we discern no error in the district court's partial dismissal of the claims on screening, and we affirm as to those claims. We

---

[6] Reyes also advances a number of arguments she did not present to the district court, including that DRMS had the responsibility to ensure the cement company sent notices to aggrieved landowners (including Reyes), that her comment letter was late because she could not afford express mailing, and that she was denied a grievance procedure and assistance from an ADA coordinator. She also appears to broach a new § 1983 theory—that treating her comment letter as late violated her constitutional right to equal protection. Because Reyes has not argued for plain-error review, we decline to consider these newly-minted arguments and theories. See United States v. Leffler, 942 F.3d 1192, 1196 (10th Cir. 2019) (explaining that in the absence of a plain-error argument on appeal, we generally refuse to consider arguments and theories that were not first presented to the district court); Tele-Commc'ns, Inc. v. Comm'r, 104 F.3d 1229, 1232 (10th Cir. 1997) (appellate courts generally do not consider issues raised for first time on appeal, especially "when dealing with an appeal from a grant of summary judgment").

9

also affirm the district court's grant of summary judgment on Reyes' ADA claim against DRMS.  Reyes has not identified, nor have we uncovered, any evidence suggesting that any of the actions she complained of were taken because of her disability.  The district court correctly determined there is no evidence that DRMS's treatment of Reyes' written comment as untimely was in any way related to her disability.  And it was the Board, not DRMS, that declined to relocate the hearing to Fort Collins and to grant her party status at the hearing.  The Board is not a party to this action, so these aspects of Reyes' ADA claim fail; further, there is no evidence linking the Board's decisions to her disability.[7]

We also affirm the district court's grant of summary judgment on Reyes' § 1983 due process claim against Fugate, Kooyman, Mojar, and the Board chairman.  The state regulations make clear that the cement company, not any of the defendants, was responsible for providing notice to the public of the Knox Pit application and the deadline for comments.  Moreover, none of those four defendants could have personally participated in any violation of Reyes' due process rights by refusing to treat her comment as timely, to grant her party status, or to allow her to present evidence or testimony at the hearing.  Those decisions are among the Board's duties.  See Colo. Rev. Stat. §§ 34-32.5-104 ("[The Office of Mined Land Reclamation] and

---

[7] Defendants argue they are entitled to Eleventh Amendment immunity on the Title II ADA claim.  We need not decide that issue because Reyes has not demonstrated entitlement to relief under Title II.  See United States v. Georgia, 546 U.S. 151, 159 (2006) (explaining that before resolving an Eleventh Amendment question in a Title II case, courts must "determine in the first instance . . . which aspects of the State's alleged conduct violated Title II").

the board have the full power and authority to carry out and administer the provisions of [the Colorado Land Reclamation Act for the Extraction of Construction Materials].”), 34-32-105(4) (“The board shall have jurisdiction and authority over all persons and property, public and private, necessary to enforce the provisions of [the Colorado Mined Land Reclamation Act].”).  Although the Board chairman was a member of the Board, the Board debated the matter and voted unanimously to deny Reyes party status.  It was the Board that made the decision, not the chairman.  And even if Reyes had named the Board as a defendant, it would have been entitled to Eleventh Amendment immunity for the same reasons explained above with respect to DRMS.  Finally, our review of the record shows that Reyes was afforded adequate process at the hearing.[8]

## III

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[8] Fugate, Kooyman, Mojar, and the Board chairman argue they are entitled to qualified immunity on the § 1983 claim.  The district court did not address this issue. We conclude that because Reyes has not demonstrated a constitutional violation, the defendants would be entitled to qualified immunity.  See Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009) (“When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that:  (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established.”).