**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KEEGAN REESE KRALL,

    Defendant - Appellant.

No. 19-6178
(D.C. No. 5:18-CR-00173-D-2)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Keegan Krall appeals his 48-month sentence for aggravated assault resulting in

serious bodily injury. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

At the time the events of this appeal transpired, Krall was serving a 51-month

sentence at a federal facility in Oklahoma for being a felon in possession of a

firearm. On May 26, 2018, joined by three other inmates, Krall assaulted another

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

inmate. The injuries the victim sustained—"multiple lacerations and contusions on the face and head, two broken ribs, and damage to [his] hearing"—necessitated hospitalization and a three-day medically induced coma. Krall and the three other inmates who participated in the assault were indicted for aiding and abetting one another in an assault resulting in serious bodily injury under 18 U.S.C. §§ 113(a)(6) and 2(a). Krall pled guilty to these charges without a plea agreement.

The district court sentenced Krall to 48 months' imprisonment, to be served consecutively to his 51-month sentence. It also applied a five-point enhancement under United States Sentencing Guidelines Manual § 2A2.2(b)(3)(B) because the victim sustained "serious bodily injury," and Krall had pled guilty to assault resulting in serious bodily injury. Krall appeals the district court's imposition of a consecutive sentence and its application of the five-point enhancement.

**II**

We review a district court's sentencing decision for reasonableness under a deferential abuse-of-discretion standard. United States v. Haley, 529 F.3d 1308, 1311 (10th Cir. 2008). Under this standard, we will not reverse a sentence unless it is "arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Muñoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008) (quotation omitted).

"[R]easonableness review has two aspects: procedural and substantive." United States v. Cookson, 922 F.3d 1079, 1091 (10th Cir. 2019). "Review for procedural reasonableness focuses on whether the district court committed any error in calculating or explaining the sentence." United States v. Friedman, 554 F.3d 1301,

1307 (10th Cir. 2009). Substantive reasonableness addresses "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Verdin-Garcia, 516 F.3d 884, 895 (10th Cir. 2008) (quotation omitted).

## A

Krall challenges, on procedural reasonableness grounds, the district court's decision to issue a consecutive sentence. He contends that at the sentencing hearing, the court failed to explain its reasons for imposing a consecutive sentence. But Krall made no such objection below. He thus failed to alert the district court to his argument on appeal—that the court failed to sufficiently explain its reasons for concluding that a consecutive sentence fulfilled the goals of sentencing set forth in § 3553(a). See United States v. Garcia, 936 F.3d 1128, 1132 (10th Cir. 2019), cert. denied, No. 19-7991, 2020 WL 3405900 (U.S. June 22, 2020) (issue preserved for appeal only if "district court was adequately alerted to the issue" (quotation omitted)). Accordingly, Krall has forfeited appellate review of that issue. See id.

In similar circumstances, we generally may review a procedural reasonableness objection for plain error. See United States v. Finnesy, 953 F.3d 675, 688 (10th Cir. 2020). But if a defendant also fails to argue for plain-error review on appeal, "we ordinarily deem the issue waived (rather than merely forfeited) and decline to review the issue at all." United States v. Leffler, 942 F.3d 1192, 1196 (10th Cir. 2019). Krall did not argue for plain error review. Accordingly, he has waived review of the district court's decision to run his sentences consecutively.

3

**B**

Krall also challenges the district court's imposition of a five-point enhancement for causing "serious bodily injury" under § 2A2.2(b)(3)(B). He does not argue that the court misapplied that section of the Sentencing Guidelines. Rather, he challenges the United States Sentencing Commission's (the "Commission") 2004 amendment to the Guidelines increasing by one point each of the special offense characteristics relating to the various degrees of bodily injury. See U.S.S.G. app. C, amend. 663 (U.S. Sent'g Comm'n 2004). Krall contends that the Guidelines, as amended in 2004, violate § 3553(a), and so the district court also violated the statute by applying the post-2004 Guidelines.

This argument lacks merit. Krall asserts that the goals of sentencing with respect to aggravated assault are the same now as they were before 2004; thus, the 2004 amendment's one-point increase for aggravated assaults resulting in serious bodily injury is "greater than necessary" to achieve the goals of sentencing set forth in § 3553(a)—the statute's so-called "parsimony principle." United States v. Smith, 756 F.3d 1179, 1183 (10th Cir. 2014). But Krall ignores that the 2004 amendments also decreased by one point the base offense level for aggravated assault. See U.S.S.G. app. C, amend. 663. Thus, Krall's total offense level would be the same both before and after 2004, and he does not argue that if he were sentenced before 2004, his sentence would have been "greater than necessary" to achieve the goals of

sentencing. Because Krall offers no other reason in support of his assertion that the 2004 amendments violate § 3553(a)'s parsimony principle, we reject this argument.[1]

Krall also argues that because the Commission did not rely on research or empirical evidence in making the 2004 amendments to the aggravated-assault guidelines, those amendments are "wholly arbitrary." Correlatively, because the district court followed the amended guidelines, Krall argues its decision was also arbitrary and an abuse of discretion. But the Commission did rely on empirical research and data in making the amendments applicable to his sentence. For instance, "[t]he Commission . . . amended the [aggravated-assault] guideline to decrease the base offense level from level 15 to level 14, based upon information received from the Native American Advisory Group and studies indicating that federal aggravated assault sentences generally are more severe than many state aggravated assault sentences." U.S.S.G. app. C, amend. 663 at 12. Krall does not argue that the research conducted by the Commission was inadequate or insufficient to justify the 2004 amendments. He simply ignores it.

In any event, Krall's argument appears to rely on a misreading of the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85 (2007), in which the Court upheld a district court's decision to impose a below-guidelines sentence on a

_____

[1] Without citation, Krall argues that the purposes of sentencing set forth in § 3553(a) reflect "broad philosophies of punishment in American jurisprudence" that "allow for the logical and reasonable suggestion that sentences ought to have more parity across time as well." Because this argument is insufficiently briefed, it is waived. See Bronson v. Swensen, 500 F.3d 1099, 1105 (10th Cir. 2007) (arguments presented "without supporting analysis and case law" are waived).

5

defendant who pled guilty to charges relating to the possession and distribution of crack cocaine. Id. at 91-93. The Court recognized that in adopting a statutory requirement treating each gram of crack cocaine as equivalent to one-hundred grams of powder cocaine, the Commission deviated from its "characteristic institutional role" to formulate sentencing standards based on "empirical data and national experience." Id. at 109 (quotation omitted). Based on this and other considerations, the Court concluded that the district court did not abuse its discretion in refusing to apply the 100-to-1 crack/powder ratio to Kimbrough's sentence upon concluding that such application would yield a sentence "greater than necessary" to achieve the goals of sentencing provided in § 3553(a). Id. at 110.

Contrary to Krall's argument, Kimbrough did not state that when the Commission fails to conduct research in support of a Guidelines amendment, its decision is "wholly arbitrary." Rather, Kimbrough recognized that the lack of empirical support for a Guidelines recommendation is but one factor the district court may consider in choosing to deviate from the Guidelines. Thus, the district court in the present case was not required to depart downward from the post-2004 Guidelines even if they were not supported by empirical research. To the contrary, we have held that a district court does not err in declining to depart from a within-guidelines sentence when the applicable guidelines are not based on empirical research or data—as was the case for the 100-to-1 crack/powder cocaine disparity. See United States v. Wilken, 498 F.3d 1160, 1172 (10th Cir. 2007) ("[A] district court does not err by refusing to depart or vary downward based on the Guidelines' disparate

6

treatment of crack and powder cocaine." (citation omitted)).

Accordingly, we hold the district court did not abuse its discretion in applying the five-point enhancement to Krall's sentence.

**III**

**AFFIRMED.**

Entered for the Court

Carlos F. Lucero
Circuit Judge