**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

KEVIN DEWAYNE LEFFLER,

      Defendant - Appellant.

No. 18-5087

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 4:18-CR-00021-JED-1)**
_____

Submitted on the briefs:[*]

Virginia L. Grady, Federal Public Defender, and Meredith B. Esser, Assistant Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

R. Trent Shores, United States Attorney, and Christopher J. Nassar, Assistant United States Attorney, Tulsa, Oklahoma, for Plaintiff-Appellee.
_____

Before **TYMKOVICH**, Chief Judge, **BALDOCK**, and **EID**, Circuit Judges.
_____

**BALDOCK**, Circuit Judge.
_____

_____

    [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

A jury found Defendant–Appellant Kevin Dewayne Leffler guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); possessing a short-barreled shotgun in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(B)(i); possessing with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1); and possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). Defendant only appeals his conviction for possession of a short-barreled shotgun in furtherance of a drug-trafficking crime, arguing the Government presented insufficient evidence for the jury to find him guilty of this offense. Because Defendant waived his only asserted ground for appeal, we decline to address the merits of his claim. Therefore, exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Shortly before midnight on January 5, 2018, Tulsa Police Officer Ashley Kite ran the license plates on several vehicles parked at the Tudor House Inn, a location known for criminal activity based upon her experience. One of the vehicles, a blue Ford Escape, had been reported stolen. Officer Kite notified other officers about the stolen Escape, and they surveilled the vehicle for about fifteen minutes before the Escape moved to an adjacent Arby's parking lot where a disabled truck was parked. Tulsa Police Officer Johnson saw the driver of the Escape exit the vehicle and walk to the front of the disabled truck, which had its hood raised and blocked the officers' line of sight. Officer Johnson observed people walking back and forth between the Escape and the disabled truck and looking in the hood of the disabled truck. The officers

2

approached the vehicles, ordered the driver and passenger of the Escape to put their hands in the air, and detained them. The officers also found and detained a third occupant of the Escape who had not exited the vehicle.

During a search of the immediate area, Officer Kite found a loaded pistol on the ground in front of the disabled truck. The driver of the Escape, later identified as Defendant, informed the officers he owned the pistol and had dropped it there when the officers approached. After the officers arrested Defendant, they conducted an inventory search of the Escape. In the cargo area of the Escape, the officers found a duffel bag containing numerous assorted gun magazines (some were loaded; most were empty), ammunition, and two disabled grenades. Next to the duffel bag, the officers discovered a Ziploc baggie containing approximately 42 grams of methamphetamine (approximately 160–170 dosage units); a set of digital scales; and numerous small plastic baggies. The officers also found five long guns, including a Mossberg 12-gauge shotgun that had been modified into a short-barreled shotgun, in the cargo area of the vehicle. Defendant told the officers everything in the Escape belonged to him.

A federal grand jury subsequently indicted Defendant on six charges involving guns and drugs. The case proceeded to trial, where the Government presented six witnesses, including the responding officers; three Alcohol, Tobacco, and Firearms ("ATF") agents; and a forensic scientist with the Tulsa Police Department. At the close of the Government's case, Defendant moved for a judgment of acquittal. Specifically, as to the short-barreled shotgun and three other firearms, Defendant argued the evidence was insufficient because the Government presented no evidence these

firearms were operable. Defendant also made a general motion for a judgment of acquittal as to the other two firearms discovered during the search of the Escape and the drug-related counts. The district court denied Defendant's motion, finding, when viewing the evidence in the light most favorable to the Government, a rational trier of fact could find every element of the crimes charged beyond a reasonable doubt. The defense then rested without presenting any additional evidence.

Following deliberation, the jury found Defendant guilty of, *inter alia*, possessing a short-barreled shotgun in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(B)(i). The jury acquitted Defendant on Count Four, which charged him with possessing a firearm with an altered or obliterated serial number. Thereafter, the district court sentenced Defendant to 171 months' imprisonment. This timely appeal followed.

## II.

Defendant argues the Government presented insufficient evidence to convict him of possessing a short-barreled shotgun in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(B)(i). We generally review challenges to the sufficiency of the evidence de novo to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Serrato*, 742 F.3d 461, 472 (10th Cir. 2014). But here the Government argues Defendant failed to preserve his challenge because he does not raise the same argument on appeal as he did in moving for a judgment of acquittal before the district court. The

4

Government further contends Defendant waived his insufficient-evidence claim altogether because he did not argue for plain error in his opening brief. We agree.

A.

Before turning to the argument Defendant presents on appeal, we pause to discuss some general principles of forfeiture and waiver. Generally, "a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). When a party fails to raise an argument below, we typically treat the argument as forfeited. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011). And when an appellant raises a forfeited argument on appeal, we will reverse only if the appellant can satisfy our rigorous plain-error test. *See United States v. Kearn*, 863 F.3d 1299, 1305 (10th Cir. 2017). By contrast, when a party intentionally relinquishes or abandons an argument in the district court, "we usually deem it waived and refuse to consider it." *Richison*, 634 F.3d at 1127. These rules apply not only when a litigant raises a new argument on appeal but also when "a litigant changes to a new theory on appeal that falls under the same general category as an argument presented at trial." *See United States v. Nelson*, 868 F.3d 885, 891 n.4 (10th Cir. 2017) (quoting *Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 722 (10th Cir. 1993)).

To avoid us treating a claim as forfeited or waived, an appellant's opening brief must "cite the precise references in the record where the issue was raised and ruled on" in the district court. *See* 10th Cir. R. 28.1(A). If an appellant fails to satisfy this requirement, we may assume the appellant did not preserve the issue for appeal and refuse to review the alleged error. *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*,

82 F.3d 1533, 1540 n.3 (10th Cir. 1996). Although we may independently review the record to determine whether the appellant raised an issue below, we have warned that "all counsel should understand the potentially serious consequences that could result from noncompliance with the applicable rules of appellate procedure." *See United States v. Williamson*, 53 F.3d 1500, 1514 n.7 (10th Cir. 1995).

When an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived (rather than merely forfeited) and decline to review the issue at all—for plain error or otherwise. *Richison*, 634 F.3d at 1130–31. Under such circumstances, "the failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument . . . not first presented to the district court." *United States v. Lamirand*, 669 F.3d 1091, 1100 n.7 (10th Cir. 2012); *see also United States v. Wright*, 848 F.3d 1274, 1281 (10th Cir. 2017) ("[W]e have repeatedly declined to consider arguments under the plain-error standard when the defendant fails to argue plain error."). As we explain below, our application of these general principles and other precedents to Defendant's argument on appeal leads us to decline to address his insufficient-evidence claim.

B.

On appeal, Defendant challenges the sufficiency of the evidence to support his conviction for possession of a short-barreled shotgun in furtherance of a drug-trafficking crime. Specifically, he argues the Government failed to establish the requisite nexus between the short-barreled shotgun and drug trafficking for the jury to

6

find he possessed the weapon in furtherance of a drug-trafficking crime. The first problem with Defendant's argument is it comes too late.

"The Rules of Criminal Procedure do not allow a defendant to wait until appeal" to challenge the sufficiency of the evidence. *United States v. Goode*, 483 F.3d 676, 680 (10th Cir. 2007). Rather, a defendant must present claims of insufficient evidence in the first instance to the district court through a motion for a judgment of acquittal. *Id.* at 680–81; *cf.* Fed. R. Crim. P. 29. "When a defendant challenges in district court the sufficiency of the evidence on specific grounds, 'all grounds not specified in the motion are waived.'" *Goode*, 483 F.3d at 681 (quoting *United States v. Kimler*, 335 F.3d 1132, 1141 (10th Cir. 2003)). "Although we have described the failure to raise a challenge in district court as a 'waiver,' it is more precisely termed a forfeiture when nothing suggests a knowing, voluntary failure to raise the matter." *Id.* at 681.

While Defendant moved for a judgment of acquittal as to the short-barreled shotgun in the district court, the motion was not predicated on the ground he now raises to challenge the sufficiency of the evidence. Defendant presented two motions for a judgment of acquittal before the district court. As relevant here, Defendant argued the Government failed to show the short-barreled shotgun was readily available to fire because ATF Agent Darrell Withem testified he did not: (1) fire the weapon, (2) know if it had a firing pin, or (3) know if it was operable. On appeal, however, Defendant raises a new theory. He now argues the Government failed to satisfy the "in furtherance" element of § 924(c)(1)(B)(i) because the evidence was insufficient to establish the requisite nexus between the short-barreled shotgun and drug trafficking.

7

Defendant did not raise this argument before the district court and thus failed to preserve it for review on appeal.

C.

Because Defendant failed to preserve his argument for review on appeal, we ordinarily would review his insufficient-evidence claim under our rigorous plain-error standard. *See Richison*, 634 F.3d at 1128. But the Government urges us to conclude Defendant waived his claim because he did not argue for plain-error review in his opening brief. Defendant, in fact, did not raise plain error until his reply to the Government's brief.

In this Circuit, we generally do not consider arguments made for the first time on appeal in an appellant's reply brief and deem those arguments waived. *United States v. Pickel*, 863 F.3d 1240, 1259 (10th Cir. 2017); *but see United States v. Courtney*, 816 F.3d 681, 684 (10th Cir. 2016) (treating plain-error argument raised for the first time in an appellant's reply brief as forfeited and reviewing for plain error). The reasons for our general rule are two-fold. First, to allow an appellant to raise an argument for the first time in a reply brief "would be manifestly unfair to the appellee who, under our rules, has no opportunity for a written response." *Hill v. Kemp*, 478 F.3d 1236, 1251 (10th Cir. 2007) (quoting *Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1278 (10th Cir. 1994)). Second, the rule also protects us from issuing "an improvident or ill-advised opinion" because we did not have the benefit of the adversarial process. *Id.*

Notwithstanding this general rule, we have left open the door for a criminal defendant to argue error in an opening brief and then allege plain error in a reply brief after the Government asserts waiver. *See United States v. MacKay*, 715 F.3d 807, 831 n.17 (10th Cir. 2013). "While raising an alternative plain error argument might be a prudent practice for appellants to follow," we have explained it is not "mandated by *Richison* or our other precedents." *United States v. Zander*, 794 F.3d 1220, 1233 n.5 (10th Cir. 2015). Accordingly, when an error is obvious enough and satisfies Federal Rule of Criminal Procedure 52(b), we may exercise our discretion to recognize the error "notwithstanding briefing deficiencies." *Courtney*, 816 F.3d at 684; *accord* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights *may* be considered even though it was not brought to the court's attention." (emphasis added)). But we will only exercise our discretion if it "permit[s] the appellee to be heard and the adversarial process to be served." *United States v. Isabella*, 918 F.3d 816, 844 (10th Cir. 2019) (quoting *Zander*, 794 F.3d at 1232 n.5) (deeming plain-error argument waived due to briefing deficiencies).

Under Rule 52(b) and our precedents, we have discretion to review Defendant's challenge to the sufficiency of the evidence despite his failure to argue for plain error in his opening brief. *See Courtney*, 816 F.3d at 683–84; *see also United States v. Olano*, 507 U.S. 725, 736 (1993) (explaining review for plain error lies "within the sound discretion of the Court of Appeals"). And, as Defendant points out, we have exercised this discretion to review claims for plain error when argued for the first time in a reply brief. *See, e.g., United States v. Yurek*, 925 F.3d 423, 444 (10th Cir. 2019)

(exercising discretion to review claim where preservation of argument in dispute); *United States v. Chavez-Morales*, 894 F.3d 1206, 1214 (10th Cir. 2018) (explaining appellant's advancement of a plain-error argument in his reply brief "is sufficient to permit us" to review the argument for plain error); *United States v. Pacheco-Donelson*, 893 F.3d 757, 759–60 (10th Cir. 2018) (considering a plain-error argument raised in a reply brief). The facts underlying this case, however, militate against reviewing Defendant's claim under the plain-error standard.

First, as we explained above, Defendant clearly forfeited his challenge to the sufficiency of the evidence because he raises an argument on appeal he did not present before the district court in moving for a judgment of acquittal. In *Zander*, we found the adversarial process served because the defendant "adequately addressed the issue of plain error review in his reply to the government's brief, after arguing in his opening brief that his objections below were sufficiently raised to be preserved for review on appeal." *Zander*, 794 F.3d at 1233 n.5. We noted, however, we might reach a different conclusion "when there is no dispute that the appellant failed to raise an issue below." *Id*. Nowhere—in either his opening brief or in his reply—does Defendant contend he preserved his argument or assert it is not subject to forfeiture. Thus, no dispute exists that Defendant failed to preserve his insufficient-evidence claim for review on appeal.

Nor does Defendant's failure to argue for plain-error review in his opening brief appear to be a "product of mistake." *See Courtney*, 816 F.3d at 684. Defendant did not fulfill his obligation to identify where the precise issue raised on appeal was raised in the district court and ruled upon. *See* 10th Cir. R. 28.1(A) (requiring an appellant

10

to "cite the precise references in the record where the issue was raised and ruled on").

Nonetheless, without citing the record or even mentioning his motion for a judgment of acquittal before the district court, Defendant argued for de novo review in his opening brief. In response to the Government's brief, Defendant does not even address the preservation issue—much less attempt to argue he preserved his claim for review on appeal. Rather, Defendant suggests preservation of his claim is irrelevant because even if we review his claim for plain error, the analysis is essentially the same as de novo review.[1] Defendant's "failure" to argue for plain error in his opening brief appears to be a voluntary failure to raise the matter, more akin to a waiver than a forfeiture, rather than a product of mistake.

We note the Government did not seek leave to file a surreply in response to Defendant's reply brief, which may cut against waiver. *See Courtney*, 816 F.3d at 684. But this factor alone does not require us to exercise our discretion in Defendant's favor. *See id.* at 683–84 (explaining whether to review for plain error is a matter of discretion); *see also United States v. McGehee*, 672 F.3d 860, 873 n.5 (10th Cir. 2012) ("[W]e are not obliged to apply forfeiture principles to [a party's] briefing omission;

---

[1] To be sure, "a conviction in the absence of sufficient evidence of guilt is plainly an error, clearly prejudiced the defendant, and almost always creates manifest injustice." *Goode*, 483 F.3d at 681 n.1. But "[t]o the extent [Defendant] might suggest that the fourth prong of plain-error review does not apply in the context of a challenge to the sufficiency of the evidence," his contention is "contrary to binding circuit precedent." *Id.* (assuming first three elements of the plain-error standard were satisfied but holding "defendant's insufficient-evidence claim fails on the fourth element"). Our law unequivocally provides "a forfeited claim of insufficient evidence must be reviewed under the plain-error standard." *Id.*

11

such decisions are discretionary."). While seeking leave to file a surreply might be a prudent practice for appellees to follow when an appellant raises plain error for the first time in a reply brief, the Government's failure to do so here does not forestall a conclusion of waiver. *See M.D. Mark, Inc. v. Kerr–McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009) ("[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief.").

We might elect to consider Defendant's argument if the Government neglected to raise either Defendant's failure to preserve his insufficient-evidence challenge or his failure to argue for plain error in his opening brief. Such neglect could function as a waiver of the Government's opportunity to hold Defendant to his failure to preserve his argument and his briefing deficiencies. "The Government, however, does [ ] argue Defendant waived his present challenge, and accordingly, has [not] waived the waiver." *See United States v. Heckenliable*, 446 F.3d 1048, 1049 n.3 (10th Cir. 2006). We also *might* be willing to overlook Defendant's failure to argue for plain error in his opening brief if Defendant was proceeding pro se on appeal. *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (explaining we construe briefs liberally when an appellant is pro se). But in this case Defendant was represented by counsel at trial and is represented by counsel on appeal. Accordingly, we cannot disregard Defendant's failure to raise plain error in his opening brief on this ground.

In sum, we conclude Defendant waived his insufficient-evidence claim by failing to argue for plain error in his opening brief. *See United States v. Walker*, 918 F.3d 1134, 1153–54 (10th Cir. 2019) ("To be clear, whether issues should be deemed

12

waived is a matter of discretion."). Although Rule 52(b) and our precedents give us discretion to consider a plain-error argument raised for the first time in a reply brief, we are not required to do so. *See Courtney*, 816 F.3d at 683–84; *see also Abernathy v. Wandes*, 713 F.3d 538, 552 (10th Cir. 2013) ("[T]he decision regarding what issues are appropriate to entertain on appeal in instances of lack of preservation is discretionary."). Under these circumstances, we do not believe reviewing Defendant's argument would serve the adversarial process. Therefore, we decline to exercise our discretion to review Defendant's insufficient-evidence claim for plain error.[2]

\* \* \*

For the foregoing reasons, we AFFIRM Defendant's conviction.

---

[2] Even if we were to exercise our discretion to review Defendant's claim under the plain-error standard, our review of the record makes clear Defendant is not entitled to relief. Considering the overwhelming evidence of guilt, we are confident affirming Defendant's conviction does not result in a "miscarriage of justice." *See Olano*, 507 U.S. at 736.

13