FILED
United States Court of Appeals
Tenth Circuit

October 15, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WAMBLI MILLS,

    Defendant - Appellant.

No. 19-1472
(D.C. No. 1:18-CR-00415-REB-JMC-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT[*]**
_____

Before **LUCERO**, **HOLMES**, and **EID**, Circuit Judges.
_____

Wambli Mills was convicted by a jury of one count of Sexual Abuse

Committed Within Indian Country and one count of Aggravated Sexual Abuse

Committed Within Indian Country. *See* 18 U.S.C. §§ 1153, 2241, 2242(2)(B).

At sentencing, and over Mr. Mills' objection, the district court applied a two-level

enhancement under United States Sentencing Guideline § 2A3.1(b)(4)(B)

(U.S. Sent'g Comm'n 2018) based on what it found was the "credible testimony of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the victim that she experienced extreme physical pain, 10 on a scale of 1 to 10, caused by [Mr. Mills'] repeated anal penetration." R., Vol. VII at 554.[1] Mr. Mills argues that the court's finding was clearly erroneous. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

Mr. Mills and his victim, J.H., knew each other from school and J.H. considered him a friend. On the day of the assault, J.H. bought some alcohol and invited Mr. Mills to drink with her. The two met up and walked to Mr. Mills' house where they proceeded to drink outside on the porch.

A few hours later, J.H. asked Mr. Mills if she could use the bathroom and he agreed. By this time J.H. was very drunk. Upon leaving the bathroom, J.H. and Mr. Mills walked to his bedroom where J.H. passed out on the bed.

When J.H. awoke, she observed that Mr. Mills was crying and so she stroked his hair. J.H. then asked Mr. Mills if she could sleep on his bed for a while longer. The last thing J.H. remembered before passing out again was Mr. Mills standing next to the bed.

The next time J.H. woke up, she said that Mr. Mills pulled off her clothes (leggings and underwear) and turned her over onto her stomach. At the same time, she began to scream and told Mr. Mills "don't" and "stop." R., Vol. VII at 84.

---

[1] Mr. Mills was sentenced to 200 months in prison on each count, to run concurrently, followed by a seven-year term of supervised release.

But Mr. Mills did not stop; instead, he forced his penis, more than once, into J.H.'s anus before she got up and ran for help.

Law enforcement officer Anthony Garcia was investigating an unrelated crime nearby when he heard a female screaming for help. That female was J.H., whom Lt. Garcia observed running from a field without any clothing below her waist. "She was looking past me. She just had this lost look and—but she was crying. She had a lot of mucus coming from her nose." *Id.* at 140.

A day later, J.H. felt pain and "didn't feel like moving." *Id.* at 91. Defecating was "really painful." *Id.* at 92. Two days after the assault, J.H. underwent a sexual assault examination, including an examination of her "vaginal region" and her "anal region." *Id.* at 299. The examining nurse did not identify an injury to J.H.'s anal region; however, she testified that because the anal sphincter allows for stretching an anal injury cannot always be detected. At trial, J.H. described the anal penetrations as physically "[p]ainful." *Id.* at 84. When asked "[o]n a scale of 1 to 10, 10 being the worst, how badly did it feel?" J.H. responded "[l]ike a 10." *Id.*

Mr. Mills raises one issue on appeal—whether the district court's finding that J.H. suffered extreme physical pain was clearly erroneous because it was "based only on the victim's vague and subjective assessment of her pain caused by the anal penetration and in the absence of any physical injury found by [the examining nurse]

3

and in the absence of any contemporaneous complaints of extreme pain." Aplt.

Opening Br. at 11.[2]

## II

"When reviewing the district court's calculation of the guidelines, we review

legal questions *de novo* and factual findings for clear error, giving due deference to

the district court's application of the guidelines to the facts." *United States v.*

*Cortes-Gomez*, 926 F.3d 699, 707-08 (10th Cir. 2019) (internal quotation marks

omitted). "Factual findings are clearly erroneous only if they are without factual

support in the record or if this court, considering all the evidence, is left with a

definite and firm conviction that a mistake has been made." *Id*. at 708.

## III

Section § 2A3.1(b)(4)(B) of the Sentencing Guidelines provides for a

two-level enhancement when the sexual assault "victim sustain[s] serious bodily

injury." Relevant here, a "serious bodily injury" is defined as an "injury involving

extreme physical pain." USSG § 1B1.1 app. 1(M).

At the outset, we note that the district court did not impose the enhancement

"just on the fact that criminal sexual abuse occurred," which would be an

"impermissible double-counting." *United States v. Jim*, 786 F.3d 802, 816 (10th Cir.

2015). As we explained in *Jim*, the "injuries described [in § 1B1.1] fall outside

---

[2] Mr. Mills briefly mentions, but then waives, other alleged errors, either because there was no plain error or no good faith argument can be made to pursue them.

the standard or heartland range of injuries that could be expected in a baseline offense of criminal sexual abuse," and therefore, do not implicate "impermissible double-counting." *Id.* Here, separate from the act of criminal sexual abuse, the court considered whether J.H. suffered extreme physical pain.

The question then becomes whether J.H.'s testimony was adequate to support the district court's finding that she experienced extreme physical pain. In this regard, Mr. Mills' first argument is that J.H.'s testimony was vague. It was not; instead, J.H. provided context by applying a scale.

Next, Mr. Mills maintains J.H.'s testimony was subjective, and therefore inadequate. But as the government points out, pain is subjective. Here, J.H. testified that she experienced extreme pain. More to the point, the court was the fact-finder at sentencing and it found that J.H's testimony was credible. Because a district court's "credibility determination commands even greater deference to the trial court's findings than do other findings of fact[, w]e . . . especially defer to a district court's findings on witness credibility." *United States v. Jordan*, 806 F.3d 1244, 1252 (10th Cir. 2015) (citation, brackets, and internal quotation marks omitted).

Last, Mr. Mills argues that something more than the victim's testimony is needed to establish extreme physical pain. But the cases he relies on are inapposite. For example, *United States v. Guang*, 511 F.3d 110 (2d Cir. 2007), concerned a different type of "serious bodily injury" that the government attempted to use to support an enhancement—permanent or life-threatening injuries. In this context, the court recognized that "[w]here substantial impairment is not obvious, something

5

more than the generalized and subjective impression of the victim is required in the way of proof." *Id.* at 125.  But neither *Guang* nor any of the other authorities Mr. Mills cites require such additional evidence when it comes to evaluating pain.

In sum, the district court's finding that J.H. experienced extreme physical pain is not clearly erroneous.[3]

## IV

The judgment of the district court is affirmed.

Entered for the Court

Jerome A. Holmes
Circuit Judge

---

[3] In his reply brief, Mr. Mills raises for the first time an argument that he did not make in either the district court or his opening brief, which is that "the pain scale method of determining whether a victim suffered 'extreme physical pain' is arbitrary and unreliable, and . . . it violates due process to enhance a sentence on that basis." Aplt. Reply Br. at 1.  "In this Circuit, we generally do not consider arguments made for the first time on appeal in an appellant's reply brief and deem those arguments waived." *United States v. Leffler*, 942 F.3d 1192, 1197 (10th Cir. 2019).  While "we have left open the door for a criminal defendant to argue error in an opening brief and then allege plain error in a reply brief after the Government asserts waiver," *id.* at 1198, the door still has hinges, and it does not swing so wide as to allow Mr. Mills to raise an entirely new argument for the first time in his reply brief, particularly without any mention of plain error.  As such, we consider the argument waived.