**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 3, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

TIMOTHY SHAUN JOHNSON,

　　Defendant - Appellant.

No. 20-6020
(D.C. No. 5:94-CR-00064-C-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES, BACHARACH, and MORITZ**, Circuit Judges.
_____

　　This appeal stems from Mr. Timothy Shaun Johnson's motion for a sentence reduction. Two provisions for a sentence reduction are relevant:

　　1.　　18 U.S.C. § 3582(c)(1)(B) and

　　2.　　18 U.S.C. § 3582(c)(2).

---

[*]　　We conclude that oral argument would not materially help us to decide the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). So we have decided the appeal based on the record and the parties' briefs.

　　Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

In his motion, Mr. Johnson invoked § 3582(c)(2). But this section applies only if the defendant's guideline range had changed, and Mr. Johnson's hadn't. So the district court denied relief.

Mr. Johnson says that he should have invoked § 3582(c)(1)(B). Given this mistake, he asks us to vacate the district court's ruling and remand with instructions to dismiss his motion for lack of jurisdiction. The government agrees with this requested disposition; we agree, too.

A remand and dismissal are appropriate because the district court lacked jurisdiction under § 3582(c)(2). That section would permit jurisdiction only if Mr. Johnson could show that his guideline range had been lowered by the United States Sentencing Commission. *E.g.*, *United States v. White*, 765 F.3d 1240, 1246, 1250 (10th Cir. 2014). Because Mr. Johnson's guideline range hadn't been lowered, the district court lacked jurisdiction, which warranted dismissal. *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013), *abrogated on other grounds by Hughes v. United States*, 138 S. Ct. 1765 (2018). So the appropriate remedy would ordinarily be a remand with instructions to dismiss without prejudice. *E.g.*, *United States v. Jenkins*, 733 F. App'x 445, 448 (10th Cir. 2018) (unpublished).

Mr. Johnson waited until his reply brief to request a remand for dismissal without prejudice, and we don't ordinarily entertain requests initiated in a reply brief. *United States v. Leffler*, 942 F.3d 1192, 1197

(10th Cir. 2019). But we do so here because the government agrees that this is the appropriate remedy, we must always ensure the district court's jurisdiction, *Dutcher v. Matheson*, 840 F.3d 1183, 1189 (10th Cir. 2016), and Mr. Johnson altered his request for relief in response to the government's appellate argument. So we vacate the district court's ruling and remand with instructions to dismiss the motion for lack of jurisdiction.[1]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[1] The Court appreciates the professionalism and candor of counsel for both parties.