**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRIAN ADRIAN SLOAN,

    Defendant - Appellant.

No. 19-2096
(D.C. No. 1:16-CR-03502-JCH-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON, LUCERO**, and **EID**, Circuit Judges.
_____

Brian Sloan appeals his conviction under 18 U.S.C. § 2241(c) for two counts of engaging in a sexual act "with a person who has not attained the age of 12 years." He argues the district court committed plain error both because the government failed to provide sufficient evidence that the victim was under the age of twelve at the time of the alleged offenses and because of several sentencing errors. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2018, Sloan was convicted of four counts of sexual abuse of two children, John Doe and Jane Doe, under 18 U.S.C. § 2241. Three of these counts arose under § 2241(c), which requires that the alleged sexual act be "with a person who has not attained the age of 12 years." Two of those three counts, which are the focus of Sloan's appellate challenge, stemmed from sexual abuse of John Doe that is alleged to have occurred in 2007. At the 2018 jury trial, John Doe repeatedly testified that the 2007 sexual abuse occurred when he was eleven, and the last instance of sexual assault occurred in 2008 when he was twelve. Although Doe testified that his birthdate was December 15, 1995, on one occasion he stated that the year of his birth was 1994, and throughout his testimony described his current age as 23 despite his testifying approximately one month before his 23rd birthday. In response to the court's question, Doe stated that his birthday was December 15, 1995, but again also stated that he was 23. Although these discrepancies were highlighted in Sloan's closing argument, he did not move for a judgment of acquittal. During its deliberations, the jury asked for clarification on the exact birthdate of John Doe, and, without objection, the judge informed the jury that they were required to rely on their recollection of the evidence to resolve the factual issues. The jury did so, returning a unanimous verdict finding Sloan guilty on all charges, include the two violations of § 2241(c) now challenged on appeal.

After sustaining objections to sentence enhancements for obstruction of justice, the district court adjusted the offense level for Sloan's four counts of

conviction under §§ 2241(a) and 2241(c). Because his offense level was then calculated to exceed the maximum possible offense level of 43, the district court reduced the offense level to the Guideline ceiling of 43. With a resulting total offense level of 43 coupled with Sloan's criminal history category of II, the district court sentenced Sloan to life imprisonment—the recommended Guideline range.

Sloan appealed, arguing: (1) that his conviction on counts one and two for violations of 18 U.S.C. § 2241(c) were plain error because the government had not provided sufficient evidence that John Doe was under the age of twelve at the time of the offenses in light of Doe's conflicting testimony on his age; (2) that the district court committed three errors in calculating his sentence range, which cumulatively constitute plain error requiring resentencing; and (3) that the Major Crimes Act, 18 U.S.C. § 1153, is unconstitutional because it is based on an impermissible racial classification of who is an "Indian" subject to federal criminal jurisdiction.[1]

## II

Because Sloan did not move for a judgment of acquittal, we review his claim of evidentiary insufficiency for plain error. United States v. Leffler, 942 F.3d 1192, 1197 (10th Cir. 2019). Similarly, he failed to object to the district court's guideline calculations; as a result it is also reviewed only for plain error. United States v. Magallanez, 408 F.3d 672, 683 (10th Cir. 2005). Plain error exists when there is (1)

---

[1] As Sloan acknowledges, this claim is currently foreclosed by binding precedent and was presented only to preserve it for further review. See United States v. Antelope, 430 U.S. 641 (1977). We will not address it further.

3

an error that (2) is plain, (3) affected the defendant's substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Mann, 786 F.3d 1244, 1249 (10th Cir. 2015).

## A

Because a conviction in the absence of sufficient evidence of guilt "almost always meets the first three factors of plain error review . . . review under the plain error standard . . . and a review of sufficiency of the evidence usually amount to largely the same exercise." United States v. Rufai, 732 F.3d 1175, 1189 (10th Cir. 2013) (quotations omitted). Review for sufficiency of the evidence entails a de novo consideration of the record to resolve whether, "viewing the evidence in the light most favorable to the government, a reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v. Cornelius, 696 F.3d 1307, 1316 (10th Cir. 2012) (quotation omitted).

Sloan's challenge to the sufficiency of the evidence on the two § 2241(c) convictions in counts one and two focuses solely on the element that the alleged sexual act be "with a person who has not attained the age of 12 years." He asserts that discrepancies in Doe's testimony as to his year of birth and age at trial render the government's evidence inadequate to support his convictions. The jury, however, heard not only these discrepancies, but also Doe's repeated statements that the 2007 assaults occurred when he was eleven, and the 2008 assaults when he was twelve—testimony directly supporting the required element. Despite Sloan's highlighting of

4

these discrepancies in his closing argument, the jury found Sloan guilty of violating § 2241(c) as alleged in counts one and two involving John Doe.

"It is not the role of an appellate court to consider the credibility of the witnesses or weigh the conflicting evidence, as these matters are within the exclusive province of the jury." Magallanez, 408 F.3d at 682. Sloan had the opportunity to attack Doe's credibility at trial and did so, both in his cross examination and in his closing argument. And, similar to Magallanez, the court specifically instructed the jurors at the beginning of the case that it was their decision on "what evidence to believe and how much of any witness' testimony to accept or reject," and later, when the jury asked a question on Doe's birthdate, the court further instructed the jury that they were to "rely on [their] recollection of the evidence to resolve the factual issues."

"[S]ufficiency of the evidence determinations are made by assessing the totality of the circumstances in the individual case." Rufai, 732 F.3d at 1194 (quotation omitted). Notwithstanding the discrepancies highlighted by Sloan in this appeal, Doe repeatedly testified that the abuse charged in counts one and two occurred when he was eleven, including during cross-examination. Additionally, this jury had the assistance of expert testimony on the effect of abuse and trauma on a victim's memory and responses when interviewed and could properly weigh these circumstances when assessing discrepancies in Doe's testimony regarding the sexual abuse he had experienced between the ages of eleven and twelve.

The jury's verdict resolved the date discrepancies.  It necessarily reflected how much of Doe's testimony they unanimously decided to accept or reject.  This determination is supported by sufficient evidence in the record.[2]  We have previously explained that when faced with inconsistent testimony, "the jury [is] in the best position to try the evidence presented."  United States v. Cui Qin Zhang, 458 F.3d 1126, 1128 (10th Cir. 2006).  Because we conclude that a reasonable jury could reach this conclusion beyond a reasonable doubt, no error was committed.  See Rufai, 732 F.3d at 1188 ("The test is . . . whether a rational jury could have found each element of a crime beyond a reasonable doubt.").

**B**

Sloan asserts three alleged errors in the computation of his sentencing range.  First, he claims that the method employed by the district court to adjust his offense level after sustaining the objection to the obstruction of justice enhancement for each count was erroneous.  Second, Sloan argues that the district court incorrectly "included a four-level enhancement under § 2A3.1(b)(1) [of the U.S. Sentencing Guidelines] on each the three § 2241(c) counts (Counts 1, 2, and 4)."  Third, he contends that the presentence report ("PSR") incorrectly stated that count four imposed a mandatory minimum term of 30 years' imprisonment, when in fact there was no mandatory minimum applicable at the time of Sloan's sentencing.  Finally,

---

[2] Because we conclude there was sufficient evidence presented to the jury regarding John Doe's age, we need not address the government's request that we take judicial notice of John Doe's birth certificate.

6

despite acknowledging that the three alleged errors had no effect on the resulting guideline range, Sloan asserts that the cumulative effect of these three errors nonetheless requires resentencing. We disagree.

In order to show plain error, Sloan must demonstrate that the errors he asserts affected his substantial rights. See Mann, 786 F.3d at 1249. For an error to have affected substantial rights, "the error must have been prejudicial: It must have affected the outcome of the district court proceedings." United States v. Dazey, 403 F.3d 1147, 1175 (10th Cir. 2005) (quotation omitted). As Sloan acknowledges, none of his alleged errors had any effect on the resulting Guideline offense level, which was determined to be, and would have been with or without the alleged errors, the maximum possible offense level of 43. Moreover, two of the errors Sloan alleges resulted in a lower, not higher, guideline offense level before application of the offense level ceiling. Errors to Sloan's benefit do not demonstrate prejudice. Sloan also fails to explain how an incorrect statement of the statutory mandatory minimum in the PSR prejudicially affected his sentence of life imprisonment. Because Sloan's alleged errors, individually or in combination, did not affect the outcome of the district court proceedings, he has failed to show plain error.

**III**

For the reasons stated above, Sloan's convictions and sentence are affirmed.

Entered for the Court


Carlos F. Lucero
Circuit Judge