**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 14, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BARBARA VELASCO-MARES,

    Defendant - Appellant.

No. 20-2179
(D.C. No. 2:20-CR-00456-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Barbara Velasco-Mares appeals her 33-month sentence for unlawful reentry of

a previously removed alien in violation of 8 U.S.C. § 1326.  She claims the district

court's denial of a downward departure rendered her sentence substantively

unreasonable.  Exercising jurisdiction under 18 U.S.C. § 3742(a)(1) and 28 U.S.C.

§ 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Velasco-Mares pleaded guilty under a plea agreement in which the parties stipulated to a within-guidelines sentence and Velasco-Mares agreed not to seek a downward adjustment. The presentence investigation report (PSR) determined her offense level was 13, which reflected a two-point reduction under the federal sentencing guidelines for the early disposition of her case. *See* U.S. Sentencing Guidelines Manual § 5K3.1 (U.S. Sentencing Comm'n 2018). The PSR also determined her criminal history category was IV due to her extensive criminal record, which includes prior convictions for theft, delivery of marijuana for payment, being a felon in possession of firearms, and two previous convictions for unlawful reentry after removal. Based on an offense level of 13 and criminal history category of IV, her advisory guidelines range was 24-30 months in prison.

Because the sentencing range was higher than Velasco-Mares anticipated, she moved to withdraw her guilty plea or, alternatively, to set aside the plea agreement so she could seek a downward departure or variance. She also filed a motion for a downward departure or variance, arguing that a sentence of time served, or 8 months, was appropriate because the PSR overrepresented her criminal history and exaggerated the seriousness of her prior offenses. Although Velasco-Mares did not object to the PSR's factual basis for her prior convictions, she argued that most of

them were more than fifteen years old and that the PSR failed to account for her personal characteristics, including her cultural assimilation, removal, and age.[1]

The district court denied Velasco-Mares' request to withdraw her guilty plea but granted her request to set aside the plea agreement. Without the plea agreement, however, Velasco-Mares lost the 2-point reduction in her offense level under USSG § 5K3.1. With a new offense level of 15 and the same criminal history category of IV, her advisory guideline range was 30-37 months. At sentencing, the district court declined to grant a downward adjustment and sentenced her to 33 months in prison followed by three years of supervised release. Velasco-Mares now contends the denial of a downward adjustment rendered her sentence substantively unreasonable.[2]

II

We review the substantive reasonableness of a sentence for an abuse of discretion. *See United States v. Smart*, 518 F.3d 800, 805 (10th Cir. 2008).

---

[1] "Cultural assimilation" refers to a defendant's cultural and familial ties to the United States, which are considered among a defendant's history and characteristics under 18 U.S.C. § 3553(a)(1). *See United States v. Galarza-Payan*, 441 F.3d 885, 889 (10th Cir. 2006).

[2] To the extent Velasco-Mares challenges the district court's discretionary decision to deny a downward departure, we lack jurisdiction to consider her arguments, although we do have jurisdiction to consider the reasonableness of her sentence, and in doing so we will consider her reasons for seeking a departure. *See United States v. Chavez-Diaz*, 444 F.3d 1223, 1229 (10th Cir. 2006) ("[W]hile we do not have jurisdiction to review the district court's discretionary decision to deny a downward departure, we have jurisdiction . . . to review the sentence imposed for reasonableness[,]" . . . "which . . . necessarily requires that we take into account the defendant's asserted grounds for departure when reviewing the sentence for reasonableness.").

3

"Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007). "We do not reweigh the sentencing factors but instead ask whether the sentence fell within the range of rationally available choices that facts and the law at issue can fairly support." *United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019) (internal quotation marks omitted). A sentence within a properly calculated guideline range is presumptively reasonable. *Id.* A sentence is substantively "unreasonable only if it is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Gantt*, 679 F.3d 1240, 1249 (10th Cir. 2012) (internal quotation marks omitted).

Velasco-Mares contends that her sentence is unreasonable because the PSR overstated her criminal history.[3] She also says a lower sentence was justified by her personal characteristics, including her serious health problems, cultural assimilation, removal, and age. These arguments are unavailing, however, because the district court considered these factors in its § 3553(a) analysis.

---

[3] Velasco-Mares' theory on appeal appears to have shifted slightly. In the district court, she principally argued that the PSR overstated her criminal history because her prior convictions occurred long ago. *See, e.g.*, R., vol. 1 at 36 (arguing that all but one of her convictions were more than 15 years old). Now on appeal, however, she claims the PSR overstated her criminal history because she committed only non-violent offenses for which she received relatively lenient sentences. *See, e.g.*, Aplt. Br. at 12; Reply Br. at 1. We generally do not consider new theories raised on appeal, and to the extent Velasco-Mares pivots to a new theory, we decline to consider it. *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019).

Indeed, the district court recognized that Velasco-Mares sought a downward adjustment based on her cultural assimilation, removal, and age. The court also heard her claim that she contracted Covid-19 three times while in custody. But the court observed that, with a potential statutory maximum sentence of 20 years in prison, the crime of unlawful reentry by a previously removed alien is a serious offense, and yet this was Velasco-Mares' third such conviction, demonstrating her lack of respect for the law. The court therefore stated that her sentence needed to reflect the seriousness of the offense, promote respect for the law, provide for a just punishment, and deter further recidivism. *See* 18 U.S.C. § 3553(a)(2)(A), (B). The court acknowledged her explanation that she was drawn to the United States to be with family, but the court noted that her inability to reside here legally was due to her own criminal conduct, which included multiple convictions and probation violations. *See id.* § 3553(a)(1).

The district court was particularly concerned with Velasco-Mares' conviction for being a felon in possession of a firearm. As the court recounted, her son brought a loaded firearm to his elementary school and after school officials contacted police, her son told the police he had additional items in his backpack, which contained a pistol and 30 rounds of ammunition. Thereafter, the police went to Velasco-Mares' residence and recovered from a dumpster in front of her home a pillowcase containing firearms, ammunition, and holsters. Although she admitted to police at the time that she knew the guns were in her home and that the children were pretending to shoot each other, during allocution she attempted to deny that she

5

allowed the children to play with firearms and claimed she was a victim. The district court pointed out, however, that she did not object to the factual basis of the PSR, and thus the district court stated, "I don't consider her a victim," R., vol. 4 at 28. Moreover, given her criminal history and the danger underlying this incident, the district court indicated her sentence should reflect the need to protect the public from further crimes by Velasco-Mares. *See* 18 U.S.C. § 3553(a)(2)(C).

Finally, the district court found nothing about this case that warranted a below-guidelines sentence. Although Velasco-Mares argued that most of her convictions were old, the court noted that no criminal history points were assessed for either of her two theft convictions or her felon-in-possession-of-a-firearm conviction and thus a criminal history category of IV did not overrepresent her record, particularly given the severity of her offenses. The court also recognized that the government requested a sentence at the upper end of the guidelines—37 months—but the court noted that she had originally qualified for a lower sentencing range under her early disposition plea agreement. After weighing all of these considerations, the court concluded that a mid-range guideline sentence of 33 months was sufficient but not greater than necessary to achieve the goals of sentencing. Velasco-Mares has identified nothing to suggest that her sentence is substantively unreasonable.

Accordingly, the district court's judgment is affirmed.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

6