FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**May 4, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

CRAIG THIESSEN; CANYON DEL
BUEY, LLC,

      Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 21-2053
(D.C. No. 2:20-CV-00364-GJF-GBW)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MORITZ**, **KELLY**, and **CARSON**, Circuit Judges.

_____

Plaintiffs Craig Thiessen and Canyon Del Buey, LLC seek to quiet title to property the federal government withdrew from the public domain in 1899. In a thorough and well-reasoned Memorandum Opinion and Order, the district court found that the applicable 12-year statute of limitations bars their suit. We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background[1]

In 1899, "the United States withdrew from the public domain the land that became the Gila National Forest and Apache National Forest." *Diamond Bar Cattle Co. v. United States*, 168 F.3d 1209, 1210 (10th Cir. 1999). The Forest Service authorizes private parties to graze livestock on portions of this land by issuing term livestock grazing permits. This suit pertains to one such portion, an approximately 48,000-acre grazing allotment known as the Canyon del Buey Allotment.

In 2011, the Forest Service issued Thiessen a 10-year permit to use the Canyon del Buey Allotment for cattle grazing. Thiessen transferred the permit to Canyon Del Buey, LLC, a business entity he owned with his brother, after authorities brought charges against him for violating the Endangered Species Act by killing a "Mexican gray wolf." Aplts. App. at 234.

Thiessen later pled guilty to the charges, and the Forest Service terminated the cattle-grazing permit. After unsuccessfully challenging the permit's termination, Thiessen and Canyon Del Buey, LLC brought this suit to quiet title to the Canyon del Buey Allotment under the Quiet Title Act, 28 U.S.C. § 2409a, which "waives the United States's sovereign immunity and permits claims . . . seeking 'to adjudicate a disputed title to real property in which the United States claims an interest.'" *George v. United States*, 672 F.3d 942, 944 (10th Cir. 2012) (quoting § 2409a(a)). They alleged

---

[1] We recite only the facts necessary to dispose of the issues on appeal. The district court more thoroughly set forth the historical and procedural facts of the case and we do not repeat them here.

"that they are the 'surface owner for all agricultural and ranching purposes' of the land area enclosed within the [Canyon del Buey] Allotment and that the [Canyon del Buey] Allotment is a fee-title property right of" theirs.  Aplts. App. at 18.

The district court dismissed the suit under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.  It reasoned that the Quiet Title Act only waives sovereign immunity for actions brought within the 12-year limitations period set out in § 2409a(g).  And the court concluded that because Plaintiffs' action accrued more than 12 years before they filed it, the doctrine of sovereign immunity deprived the court of subject-matter jurisdiction.

## II.  Discussion

"We review de novo a dismissal for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)."  *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 871 (10th Cir. 2020).  "We review any findings of jurisdictional facts for clear error."  *Id.*  "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence."  *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks omitted).

"Timeliness under [§ 2409a(g)] is a jurisdictional prerequisite to suit" under the Quiet Title Act.  *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 599 F.3d 1165, 1175 (10th Cir. 2010) (internal quotation marks omitted).  To be timely, a suit must be "commenced within twelve years of the date upon which it accrued."  28 U.S.C. § 2409a(g).  "[T]he trigger for starting that twelve-year clock

3

running is an exceedingly light one." *George*, 672 F.3d at 944. And "[t]he twelve-year limitations period is strictly construed in favor of the United States." *Rio Grande Silvery Minnow*, 599 F.3d at 1176.

A cause of action under the Quiet Title Act accrues "on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States." 28 U.S.C. § 2409a(g). "Knowledge of the claim's full contours is not required. All that is necessary is a reasonable awareness that the Government claims some interest adverse to the plaintiff's." *Knapp v. United States*, 636 F.2d 279, 283 (10th Cir. 1980). Reasonable awareness "is not dependent on the plaintiff knowing the precise nature of the property interest upon which the United States predicates its claim of title." *Rio Grande Silvery Minnow*, 599 F.3d at 1176.

The district court reasonably concluded "the record evidence makes clear beyond dispute that a suit to quiet title in the [Canyon del Buey] Allotment accrued at least *decades*—if not more than a century—before Plaintiffs filed the instant suit." Aplts. App. at 284. As support for this conclusion, the district court discussed more than seventy pages of evidence including: (1) the notice to Plaintiffs' predecessors resulting from the government's creation of a national forest encompassing the land in question, (2) "grazing permits dating back to at least 1948 treating the [Canyon del Buey] Allotment as land owned or controlled by the United States," (3) "Federal Register notices in 1977 further clarifying that such allotments were indeed owned or controlled by the United States," (4) "boundary changes that the United States unilaterally made to the [Canyon del Buey] Allotment," and (5) "a 2004

4

environmental assessment again reminding Plaintiffs' predecessors that the [Canyon del Buey] Allotment was federal land." *Id.* at 284–85 (brackets and internal quotation marks omitted).

Plaintiffs challenge only the first three reasons discussed by the district court and do not address the other evidence in the record that supports the court's decision. This unchallenged evidence, alone, supports the court's finding that Plaintiffs' predecessors "knew or should have known of the claim of the United States," 28 U.S.C. § 2409a(g), more than 12 years before Plaintiffs filed this suit.

For example, Plaintiffs do not dispute that the United States unilaterally changed the geographic boundaries of the Canyon del Buey Allotment in 1995 by combining it with another grazing allotment and provided notice of this change to Plaintiffs' predecessors-in-interest. This action was sufficient to trigger a "reasonable awareness that the Government claim[ed] some interest adverse," *Knapp*, 636 F.2d at 283, to Plaintiffs' claim of "a fee-title property right" to "the land area enclosed within the [Canyon del Buey] Allotment," Aplts. App. at 18.

Plaintiffs likewise do not dispute that in 2004 the United States delivered to, and discussed with, their predecessors-in-interest a notice informing them that the government planned to eliminate several acres from the Canyon del Buey Allotment. The notice also stated that under the government's proposed action, the district ranger would decide "[w]here and when grazing would take place." *Id.* at 100. It further stated that if the government were to proceed on an alternative course, "there would be no permitted grazing on the allotment, except for a minor amount attributed

5

to recreational use." *Id.* at 106.  And it described the Canyon del Buey Allotment as "federal lands." *Id.* at 108.  These statements made clear in 2004 that the United States claimed an interest in the Canyon del Buey Allotment adverse to Plaintiffs' claimed interest.

The district court correctly concluded that Plaintiffs' predecessors "knew or should have known of the claim of the United States," 28 U.S.C. § 2409a(g), more than 12 years before Plaintiffs filed their suit in 2020, and we therefore affirm the district court's dismissal.[2]

Given our de novo affirmance of the district court's dismissal, we need not consider whether the district court erred by denying Plaintiffs' motion to file a surreply.

### III.  Conclusion

We affirm the district court's dismissal.

Entered for the Court

Joel M. Carson III
Circuit Judge

---

[2] In reaching this conclusion, we do not consider two arguments Plaintiffs did not present to the district court, including in their proposed surreply filed with the district court.  These are:  (1) that the § 2409a(g) statute of limitations does not implicate the court's jurisdiction, and (2) that the district court erred by considering the statute of limitations apart from the merits.  Plaintiffs did not argue for plain-error review, and "the failure to argue for plain error and its application on appeal surely marks the end of the road for an argument not first presented to the district court." *United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019) (ellipses and internal quotation marks omitted).

6