**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 7, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

RAYMOND MAX SNYDER,

      Plaintiff - Appellant,

v.

LAUARA ANN LISK,

      Defendant - Appellee,

and

JUDGE MARVIN BAGLEY, individually and in his official capacity as Justice of the Sixth Judicial District Court of Sevier County; AMERICAN FAMILY INSURANCE; NATHAN CURTIS, Sevier County Sheriff; MARK CRANE, Sargeant; SEVIER COUNTY SHERIFF'S OFFICE,

      Defendants.

_____

RAYMOND MAX SNYDER,

      Plaintiff - Appellant,

v.

LAUARA ANN LISK,

      Defendant - Appellee,

No. 24-4102
(D.C. No. 4:23-CV-00007-DN)
(D. Utah)

No. 24-4103
(D.C. No. 4:23-CV-00056-DN)
(D. Utah)

and

JUDGE ALEX GOBLE, individually
and in his official capacity as a
Justice of the Sixth Judicial District
Court of Sevier County, Utah;
AMERICAN FAMILY INSURANCE;
STEWART HARMAN, American
Family Insurance's attorney;
SHAWN B. MEADOR; WOODBURN
& WEDGE; BRANDT DEATON,
Detective, Sevier County; CASEY
JEWKES, Sevier County Attorney,

 Defendants.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **EID**, and **FEDERICO**, Circuit Judges.
_____

 Plaintiff Raymond Max Snyder appeals from an award of attorney fees against him in two related lawsuits he brought in Utah federal district court. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

 [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  Background

After his divorce from Lauara Ann Lisk, Snyder filed state-court lawsuits against her and others in Nevada, Utah, and North Carolina. None of those lawsuits was successful. He then filed four federal lawsuits in the District of Utah against Lisk, the state-court judges who presided over his lawsuits, and several other entities and individuals who were involved in the state-court proceedings.

The district court dismissed all four cases, designated Snyder a vexatious litigant, and imposed filing restrictions. Snyder appealed the dismissals and filing restrictions, and we affirmed in a single order and judgment. *See Snyder v. Goble*, Nos. 24-4009, 24-4010, 24-4011, 24-4013, 2025 WL 484876, at *4 (10th Cir. Feb. 13, 2025).

During the pendency of Snyder's appeal on the merits, Lisk moved for an award of attorney fees in two of the federal lawsuits. Based on its previous finding that Snyder is a vexatious litigant, the district court granted Lisk's motion and awarded $21,718.70 in fees and costs against Snyder. This appeal followed.

## II.  Discussion

"When a party fails to raise an argument below, we typically treat the argument as forfeited." *United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019). We will reverse on the basis of a forfeited argument only

3

if the district court's judgment was plainly erroneous. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011).

In this case, Snyder failed to present to the district court any legal argument in opposition to Lisk's motions for attorney fees. Instead, his responses to Lisk's motions merely attempted to relitigate the underlying issues that had already been decided.  And Snyder does not contend on appeal that in granting Lisk's motions, the district court committed plain error. *See id.* at 1131 (a litigant's "failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court"). Accordingly, Snyder waived the issue, and we affirm the district court's award.

Even if we were inclined to reach the merits, however, it is clear the district court acted well within its discretion in awarding Lisk her fees and costs. *See Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1233 (10th Cir. 2018) (reviewing award of attorney fees for abuse of discretion). A court has the inherent authority to assess attorney fees when a party acts vexatiously. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). And here, the district court found Snyder to be a vexatious litigant. Although Snyder now insists the district court erred in its finding, we previously affirmed the district court's finding, *see Snyder v. Goble*, 2025 WL 484876,

4

at *3-4, and it is therefore law of the case, *see McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1034 (10th Cir. 2000).

We note that Snyder's vexatious conduct has continued on appeal. In the previous appeal just concluded, Snyder filed numerous motions in this court, including, for example, a "Consolidated Motion to find Defendants Obstructed Justice in the States of Utah and Nevada," *Snyder v. Goble*, 2025 WL 484876, at *4. All those motions were denied. *See id.* In the instant appeal, Snyder requested authorization to file electronically, which was denied. He promptly renewed the request, which the Clerk of Court again denied for the same reasons. Then, after having already filed his opening brief, Snyder submitted two new briefs with more than 300 pages of attachments – none of which appear to have anything to do with the issue on appeal. Snyder has also attempted to file briefs challenging a separate district court fee order in a related case. Finally, he has filed a motion to supplement the record with what appear to be additional briefs seeking the entry of sanctions and summary judgment against various defendants. Thus, in addition to the district court's finding that Snyder is a vexatious litigant and its imposition of filing restrictions, he has engaged in a pattern of making meritless and repetitive filings in these appeals. We warn Snyder that any additional meritless and repetitive appellate filings concerning these consolidated cases or raising issues similar to those already decided

5

in these cases, may result in the imposition of filing restrictions in this court.

### III. Conclusion

We affirm the award of fees and costs. The pending motion to supplement the record is denied.

Entered for the Court


Richard E.N. Federico
Circuit Judge