FILED
United States Court of Appeals
Tenth Circuit

**March 24, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RYAN CARL LOWMASTER,

    Defendant - Appellant.

No. 23-3219
(D.C. No. 6:22-CR-10012-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MURPHY**, and **ROSSMAN**, Circuit Judges.
_____

Ryan Carl Lowmaster pled guilty to one count of being a felon in possession of a

firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 84 months in prison,

followed by three years of supervised release.

On appeal, he argues that § 922(g)(1) is unconstitutional under the Second

Amendment, both facially and as applied to him, stating that he raises this argument "for

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

preservation purposes only, as it is currently foreclosed by *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023)." Aplt. Br. at 3.[1] Since Mr. Lowmaster filed his brief (he did not file a reply brief), the Supreme Court vacated this decision and remanded for reconsideration in light of *United States v. Rahimi*, 602 U.S. 680 (2024). *Vincent v. Garland*, 602 U. S. --- (2024) (No. 23-683). On remand, this court readopted our decision. *Vincent v. Bondi*, 127 F.4th 1263 (10th Cir. 2025). The Supreme Court denied certiorari in *Vincent v. Bondi* on March 2, 2026. 607 U.S. --- (2026) (No. 24-1155).

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's judgment.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[1] His brief states that "[b]ecause Mr. Lowmaster did not raise this claim below, this Court's review is for plain error." Aplt. Br. at 3. Because Mr. Lowmaster does not address the plain error requirements in his brief, we would "ordinarily deem the issue waived," *United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019), but he cannot show plain error, let alone error, because, as his brief notes, "the issue raised in this case is currently foreclosed by circuit precedent," Aplt. Br. at 6.