**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

MARY F. CUMMINGS,

    Plaintiff - Appellant,

v.

AMERICAN POSTAL WORKER'S
UNION, Local 7, AFL-CIO,

    Defendant - Appellee.

No. 21-7009
(D.C. No. 6:19-CV-00367-RAW)
(E.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.

_____

Mary F. Cummings appeals pro se from the district court's grant of summary judgment to the American Postal Worker's Union (Union) in her suit alleging race and age discrimination in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1), and the Age Discrimination and Employment Act (ADEA), 29 U.S.C. § 623, respectively, for failing to bring grievances against her former employer, the United States Postal Service (USPS). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

This is the second appeal to come before this court relating to Cummings' termination by USPS. We recently affirmed the grant of summary judgment to USPS on Cummings' claims that USPS breached its collective bargaining agreement (CBA) with the Union and discriminated against her based on her race and age. *See Cummings v. United States Postal Serv.*, No. 20-7066, 2021 WL 4592271, at *1, *4 (10th Cir. Oct. 6, 2021). We held that "[b]ecause Ms. Cummings was a probationary employee, USPS did not breach the CBA by terminating her employment or by informing her that she was not eligible to file a grievance regarding the termination." *Id.* at *4. We also concluded that she failed to exhaust her race discrimination claim, *see id.*, and failed to establish a prima facie case or pretext to support her claim of age discrimination, *see id.* at *5-6.

In this case, Cummings claimed the Union discriminated against her based on her race and age by refusing to pursue grievances on her behalf against USPS. Cummings is a female Native American who is over the age of 50. She worked as a temporary Postal Support Employee (PSE) for one full 360-day term and was rehired for a second term in January 2016. Before completing her second term, she converted to a Career position on May 14, and was terminated on July 25, 2016. Her termination letter indicated she was terminated for failing to meet job expectations and that, as a probationary employee, she did not have access to the CBA's grievance procedure.

Under the CBA, "[t]he probationary period for a new employee shall be ninety (90) calendar days," during which "probationary employees shall not be permitted access to the grievance procedure." R., vol. 2 at 40. The CBA does not appear to define "new" employee for purposes of the probationary period, but a "Questions and Answers" document relating to a 2014 Memorandum of Understanding (2014 MOU) between USPS and the Union provided that if a PSE converted to a Career position before serving two full terms, she was required to serve a new 90-day probationary period. *Id.* at 34, 68, 70-71. However, four days after Cummings was terminated, on July 29, 2016, the Union and USPS executed a new Memorandum of Understanding (2016 MOU) and a related "Questions and Answers" document, which provided that PSEs who converted to a Career position after completing one full term would no longer be required to serve a probationary period. *Id.* at 73, 76.

After she was fired, Cummings contacted the local Union president, Andy Rackley, to pursue filing a grievance against USPS. Rackley knew probationary employees did not have access to the grievance procedure under the CBA, but he called the Union's National Business Agent, Christine Pruitt, whose job it was to advise local Union presidents. Pruitt confirmed to Rackley that it would have been "futile to file a grievance over Ms. Cummings' termination because [she] was still in her probationary period and did not have access to the grievance procedure under the contract." *Id.* at 6. Having confirmed that Cummings' probationary status precluded her from filing a grievance, Rackley called her back and told her there was nothing more he could do to help.

In August 2016, Cummings emailed Rackley nine grievances regarding her termination. Rackley called Cummings and told her again he could not file the grievances under the CBA because she was still in her probationary period when she was terminated. Nevertheless, Cummings attempted to file two more grievances, one on November 15, 2016, and another on April 16, 2018, both claiming USPS failed to rehire her. Rackley did not remember receiving these grievances, but he remembered speaking to Cummings about not being recalled to an open position and telling her once again there was nothing he could do for her.

Meanwhile, on September 14, 2016, Cummings filed an unfair labor practice charge with the National Labor Relations Board (NLRB), alleging the Union refused to grieve her termination for unfair or discriminatory reasons. The NLRB dismissed the charge, ruling that the Union's refusal "was based on its good faith interpretation of the [CBA]" and her status as a probationary employee. *Id.* at 24. That decision was upheld by the NLRB Office of Appeals. More than two years later, on March 10, 2019, Cummings filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging the Union refused to represent her based on her race and age. On July 1, 2019, the EEOC dismissed the charge and issued a right-to-sue letter.[1]

---

[1] The district court did not address whether Cummings exhausted her administrative remedies. We need not address this issue. *See Singh v. Cordle*, 936 F.3d 1022, 1037 & n.2 (10th Cir. 2019).

Cummings then initiated this suit in state court. Upon removal to federal court, the district court denied the Union's motion to dismiss but granted its motion for summary judgment.

## II

"We review the district court's grant of summary judgment de novo, applying the same legal standard employed by the district court." *York v. Am. Tel. & Tel. Co.*, 95 F.3d 948, 955 (10th Cir. 1996). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We liberally construe pro se pleadings, but we "cannot take on the responsibility of serving as the [pro se] litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Pro se litigants must "follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

Under Title VII and the ADEA, which both apply to labor unions, *see* 42 U.S.C. § 2000e-2(c)(1) (Title VII); 29 U.S.C. § 623(c)(1) (ADEA), a plaintiff must show intentional discrimination, which can be demonstrated through either direct or circumstantial evidence, *see Bennett v. Windstream Comm'cns, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015). If relying on circumstantial evidence, as Cummings does here, a plaintiff must make a prima facie case, which "generally requires a plaintiff to show, by a preponderance of the evidence, that she is a member of a protected class, she suffered an adverse employment action, and the challenged

5

action occurred under circumstances giving rise to an inference of discrimination." *Id.* If a plaintiff makes a prima facie case, the burden "shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions," upon which the burden shifts back "to the plaintiff to show that the defendant's explanation was merely pretextual." *Id.*

In *York*, however, we articulated different elements for a prima facie case involving a labor union:

> To establish a prima facie Title VII claim against a union for breach of its duty of fair representation, a plaintiff must show that (1) the employer violated the collective bargaining agreement with respect to the plaintiff, (2) the union permitted the violation to go unrepaired, thereby breaching the union's duty of fair representation, and (3) there was some indication that the union's actions were motivated by discriminatory animus.

95 F.3d at 955-56.

The district court followed *York*. But the district court also applied the traditional prima facie test, recognizing that other circuits do not require a plaintiff to show the employer breached the CBA as an element of the prima facie case against a labor union. *See, e.g.*, *Peeples v. City of Detroit*, 891 F.3d 622, 636 (6th Cir. 2018) ("[A] claim against a labor organization under § 2000e-2 . . . does not require a showing that . . . the union violated any . . . contract." (internal quotation marks omitted)); *Green v. Am. Fed'n of Tchrs./Ill. Fed'n of Tchrs., Local 604*, 740 F.3d 1104, 1106 (7th Cir. 2014) ("When the Supreme Court established the elements of a Title VII prima facie case . . . , it did not include any element that depended on breaking a contract.").

6

The district court concluded that Cummings failed to establish the first element of a prima facie case under the *York* test—showing that USPS violated the CBA. Cummings waived or forfeited any appellate argument concerning that element by failing to address it in the district court. *See United States v. Leffler*, 942 F.3d 1192, 1197 (10th Cir. 2019) ("Although we have described the failure to raise a challenge in district court as a 'waiver,' it is more precisely termed a forfeiture when nothing suggests a knowing, voluntary failure to raise the matter." (internal quotation marks omitted)).  Indeed, as the district court recognized, Cummings "made no effort to demonstrate that the USPS violated the [CBA]" and thus, she failed to meet "her burden as to a prima facie case."  R., vol. 3 at 449.  Her failure to preserve this issue and argue for plain error on appeal "surely marks the end of the road for" any argument for reversal based on the district court's analysis under *York*.  *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011).[2]

Cummings contends the district court erred in relying on *York*.  But even if we did not follow the dictum in *York* and instead applied the traditional prima facie case, Cummings' claims could not survive summary judgment.  That is because even if she established a prima facie case under the traditional test, she cannot show the Union's proffered reason for refusing to process her grievances—its interpretation of the CBA and the 2014 MOU—was pretext for discrimination.  *See Hiatt v. Colo. Seminary*,

---

[2] In any event, as indicated above, we recently held in Cummings' related appeal that USPS did not violate the CBA. *Cummings*, 2021 WL 4592271, at *4.  In light of our disposition, however, we need not consider the preclusive effect of that decision in this case.

858 F.3d 1307, 1316-17 & n.10 (10th Cir. 2017) (assuming without deciding that plaintiff established a prima facie case and resolving claims at pretext stage). A plaintiff may establish pretext with evidence of "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the [defendant's] proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the [defendant] did not act for the asserted non-discriminatory reasons." *Bennett*, 792 F.3d at 1267 (internal quotation marks omitted).

The Union has maintained that it declined to pursue Cummings' grievances because she completed only one full term as a PSE before she converted to a Career position, and thus, under the CBA and the 2014 MOU, she was a probationary employee who did not have access to the grievance process. The CBA states that new employees are subject to a 90-day probationary period during which "probationary employees shall not be permitted access to the grievance procedure." R., vol. 2 at 40. Although Cummings denies that this provision applies to her because she was not a new employee, the 2014 MOU states that PSEs (like Cummings) who converted to a Career position were required to serve "a *new* 90-day probationary period" unless they had successfully completed two successive 360-day terms, *id.* at 70-71 (emphasis added). Cummings had completed only one term before she converted to a Career position. Thus, under the CBA and the 2014 MOU, she was subject to the new probationary period and excluded from the grievance process. Cummings asserts that her probationary status should be governed by the

8

2016 MOU, which reduced the required service time from two terms to one to avoid the probationary period, but Pruitt explained that the 2016 MOU "did not apply to [Cummings]" "because [she] was terminated before it was executed" "and her employment was therefore governed by the 2014 MOU," *id.* at 35.

Cummings raises various objections to this and other evidence, but we decline to consider those arguments because she does not provide any record citation indicating she presented her objections to the district court. *See Leffler*, 942 F.3d at 1197; *see also Garrett*, 425 F.3d at 840 (recognizing it is not this court's role to search the record on behalf of a pro se litigant). In a related argument, Cummings contends the district court "did not give [her] an opportunity to properly support or address the fact[s]" and she "was not aware or warned of her obligation to submit reply affidavits in response to a motion for summary judgment." Aplt. Br. at 19. But Fed. R. Civ. P. 56(c) put her on notice that she was required to dispute facts for purposes of summary judgment, and the district court was not obliged to act as her lawyer and advise her how to prepare her case, *see Garrett*, 425 F.3d at 840.

Cummings also attempts to show pretext by arguing that the Union "assisted other younger, white" women obtain reemployment. Aplt. Br. at 6. On this score, we have recognized that "evidence that a similarly situated employee received better treatment can suggest" pretext. *Roberts v. Int'l Bus. Machs. Corp.*, 733 F.3d 1306, 1310 (10th Cir. 2013). But there is no evidence that these employees received better treatment—at least not by the Union. In her deposition, Cummings acknowledged

9

the Union did not file grievances for these employees. *See* R., vol. 3 at 23. She therefore fails to show pretext.

We briefly address two final matters: First, Cummings says she is appealing her motion for sanctions, although she does not elaborate on the issue or otherwise present an argument. *See* Aplt. Br. at 3. Second, she tells us that she filed a motion for an indicative ruling in the district court under Fed. R. Civ. P. 62.1, apparently seeking to obtain additional discovery, but she does not indicate whether the district court has acted on her motion. *See* Aplt. Br. at 10. Absent any developed argument on these issues, we decline to consider them further. *See Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1031 (10th Cir. 2007) ("Scattered statements in the appellant's brief are not enough to preserve an issue for appeal." (internal quotation marks omitted)).

III

The district court's judgment is affirmed.

Entered for the Court

Joel M. Carson III
Circuit Judge