FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 28, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RYAN JOHN CAPPS,

    Defendant - Appellant.

No. 24-7091
(D.C. No. 6:23-CR-00162-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

This is a direct criminal appeal.  Defendant Ryan John Capps, proceeding

pro se, argues (1) he received ineffective assistance of counsel and (2) his conviction

was obtained using evidence unlawfully gathered from his cell phone.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Capps was a middle school teacher in Durant, Oklahoma, who was accused of

having a sexual relationship with a 14-year-old student.  A grand jury in the Eastern

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

District of Oklahoma eventually charged him with using interstate commerce to entice a minor to engage in sexual activity, producing child pornography, and sexually abusing a minor in Indian Country (the crime happened within the Choctaw Nation and Capps is a member of the Caddo Nation). At trial, the government introduced evidence from, among other sources, files retrieved from Capps's cell phone. The Durant Police Department retrieved these files when executing a search warrant on the phone issued by an Oklahoma state court. Capps's trial counsel did not move to exclude the evidence retrieved through that search warrant.

The jury found Capps guilty on all counts. The district court sentenced him to a total of 300 months' imprisonment. Capps timely appealed. Counsel that represented him at trial has since withdrawn, and Capps has elected to represent himself.[1]

Capps first argues his trial counsel was constitutionally ineffective because he did not move to suppress evidence gathered from Capps's cell phone by the Durant Police Department. He claims the Durant Police Department acted on an invalid search warrant because a state court issued it, whereas the federal government had jurisdiction over the alleged crime.

Capps's argument is premature. "The rule in this circuit . . . is that claims of constitutionally ineffective counsel should be brought on collateral review, in the first

---

[1] We construe pro se filings liberally but we do not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

petition filed under 28 U.S.C. § 2255." *United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995). Although there are "rare [ineffective assistance] claims which are fully developed in the record [and] may be brought . . . on direct appeal," *id.*, the record before us is well short of that mark. We therefore do not reach the issue. This ruling does not prevent him from raising this argument, if he chooses, in a § 2255 motion, assuming he satisfies all procedural requirements for such a motion.

Capps's second argument is mostly an elaboration on his claim that the Durant Police Department violated his constitutional rights when it searched his phone. The argument begins, however, with a claim that it is "the courts['] job" to ensure the Constitution and federal law are enforced. Aplt. Opening Br. at 9. The government interprets this as an argument that even though Capps never moved to exclude the phone evidence, the district court had a duty to exclude it sua sponte. It seems more likely Capps means to argue that *this* court has a duty to rule on the issue. *See id.* at 8–9 (repeatedly mentioning the importance of "the Courts of Appeals"). And if that is Capps's argument, we disagree. "[W]e are a court of review, not first view." *CGC Holding Co., LLC v. Hutchens*, 974 F.3d 1201, 1216 (10th Cir. 2020). This means we usually do not decide issues the district court has not first decided. There is an exception "where the proper resolution is beyond any doubt," *Singleton v. Wulff*, 428 U.S. 106, 121 (1976), but that is not the case here because, as far as we are aware, the parties did not make an adequate record on the issue of the phone search. There is also an exception "where injustice might otherwise result," *id.* (internal

quotation marks omitted), but we cannot say this is the case here because, again, the record does not give us the information we would need to evaluate the issue.

If the government's interpretation of Capps's argument is correct—*i.e.*, Capps means to argue the district court had a duty to sua sponte exclude the phone evidence—we agree with the government that this argument could only succeed, if at all, under the plain-error standard. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 730 (10th Cir. 2005) (holding that an argument raised "for the first time on appeal . . . is reviewed only for plain error"). Moreover, "[w]hen an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily . . . decline to review the issue at all—for plain error or otherwise." *United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019). We see no reason to depart from our ordinary practice in this case. We therefore do not reach this issue.

We affirm the district court's judgment.[2]

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[2] We grant the government's motion for leave to file an amended corrected response brief.